In re the CITY OF GEORGETOWN and George Russell, in his official capacity as Acting City Manager and Officer for Public Information, Relator.

No. 00–0453.

Supreme Court of Texas.

Argued Jan. 3, 2001.

Decided Feb. 15, 2001.

Rehearing Overruled April 12, 2001.

Alan Jacob Bojorquez, J. Stephen Ravel, Marianne Landers Banks, C. Robert Heath, Amy Warr, Bickerstaff Heath Smiley Pollan Kever & McDanial, J. Gregory Hudson, Austin, for relator.

Brenda Loudermilk, Office of Atty. Gen., Jennifer S. Riggs, Randall D. Terrell, Hill Gilstrap Adams & Graham, John Cornyn, Atty. Gen., Andy Taylor, Linda Eads, Don Walker, Office of Atty. Gen., Austin, for respondent.

Justice OWEN delivered the opinion of the Court, in which Justice HECHT, Justice ENOCH, Justice HANKINSON and Justice O'NEILL joined.

We are once again called upon to construe the Texas Public Information Act (formerly known as the Texas Open Records Act). The City of Georgetown contends that section 552.022 of the Act does not require it to disclose to the Austin American–Statesman a report prepared by a consulting expert in connection with pending and anticipated litigation. Section 552.022 provides that a governmental body must disclose completed reports or evaluations "unless the category of information is expressly made confidential under other law." TEX. GOV'T CODE § 552.022(b). The Texas Rules of Civil Procedure are "other law," and consulting-expert reports are within a category of information that is expressly confidential under those rules. Accordingly, the trial court should not have ordered the City to disclose the report, and we conditionally issue a writ of mandamus.

I

The City of Georgetown has been involved in two suits arising from discharges at one of its wastewater treatment plants. In connection with those suits and other anticipated litigation, the City Attorney retained an engineer as a consulting expert to prepare a written assessment of certain parts of the plant. The report was used in connection with the pending litigation, but Bob Hart, who was City Manager at the time, also attached the consulting expert's report, among other documents, to a self-evaluation of his job performance that he prepared for City Council members. The City has since terminated Hart for reasons that it says were unrelated to the expert's report.

While litigation about the wastewater treatment plant was ongoing, the Austin American Statesman requested the City to release evaluations of Hart and any responses to those evaluations. The City supplied all requested documents except the consulting expert's report. The City followed the procedures for withholding information set forth in section 552.301(d) of the Public Information Act and sought a ruling from the Attorney General. The City asserted that the expert's report was excepted from disclosure under section 552.103(a) of the Act because the report was "information relating to litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party." TEX.GOV'T CODE § 552.103(a). The

Attorney General's office issued a written ruling in which it concluded that the expert report did fall within section 552.103(a). However, the ruling further concluded that notwithstanding this exception, the expert's report must be disclosed because it was a "completed report" within the meaning of section 552.022(a)(1) and was not expressly made confidential by "other law."

The City filed suit against the Attorney General under sections 552.324 and 552.325 of the Act, seeking a declaratory judgment that it was not required to disclose the report. The *Austin American Statesman* intervened in that suit under section 552.325(a) of the Act, seeking a writ of mandamus compelling disclosure, a declaratory judgment, and attorney's fees. The trial court held a hearing only on whether disclosure of the report was required. At the conclusion of that hearing, the trial court issued a writ of mandamus that directed the City to produce the expert's report. The City promptly filed a petition for a writ of mandamus in the court of appeals, which was denied without an opinion.

The City then petitioned this Court to grant emergency relief and issue a writ of mandamus directing the trial court to vacate its order. We granted a stay of the trial court's order and set the matter for oral argument. We have received amicus briefs in opposition to the City's petition from the San Antonio Express–News, the Texas Daily Newspaper Association, and the Texas Press Association, and in support of the City's petition from the Texas Association of Counties, the Texas Municipal League, the Texas City Attorneys Association, the Texas Water Conservation Association, and the Texas Association of School Boards Legal Assistance Fund.

## II

■ Before we consider the merits of the parties' respective contentions, the procedural posture of this proceeding warrants discussion. The trial court in this case was requested to and did issue a writ of mandamus directing the City of Georgetown to release a document. As a general proposition, when rights may be enforced by suit in a trial court, review of determinations by that court are through an appeal to a court of appeals and then petition for review in this Court after entry of a final judgment. *See generally Love v. Wilcox,* 119 Tex. 256, 28 S.W.2d 515, 521 (1930); *see also* TEX.CIV.PRAC. & REM.CODE § 51.012; TEX.R.APP.P. 53.1. This is so even if the relief sought in the trial court is a writ of mandamus. *Love,* 28 S.W.2d at 521. "Where these ordinary remedies are complete and adequate, the extraordinary original jurisdiction of the Supreme Court or of the Court of Civil Appeals cannot be successfully invoked." *Id.*

■ The trial court in this case, however, chose not to dispose of all issues, and accordingly did not render a final judgment. Instead of resolving whether disclosure was required under the Act at the same time that it resolved the only remaining issues in the case, which were attorney's fee issues, the trial court held a hearing solely on the question of disclosure. The trial court then issued an order directing the City to release the consulting expert's report by noon the following day. Under these circumstances, the City had no adequate remedy by appeal, and mandamus is the appropriate procedural vehicle to seek relief. *See Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992).

We turn to the central issue in this case, which is whether the Act requires the City to release its consulting expert's report.

## III

"Public information" is broadly defined in the Act as "information that is collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business ... by a governmental body; or ... for a governmental body and the governmental body owns the information or has a right of access to it." TEX.GOV'T CODE § 552.002(a). Public information is to be "available to the public" under section 552.021 with certain exceptions that are found in the Act. One exception is "information relating to litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party." *Id.* § 552.103(a).

The *Austin American–Statesman* stipulated in the trial court that the document it seeks is covered by the litigation exception embodied in section 552.103(a). The Attorney General does not contend otherwise. Instead, those parties (to whom we will refer collectively as the *Statesman)* assert that none of the exceptions in Subchapter C of the Act, including the litigation exception, apply to information that must be disclosed under section 552.022(a). Among the categories of information that must be disclosed under that section is "a completed report, ... evaluation, or investigation" that is not "expressly confidential under other law." *Id.* § 552.022(a)(1).

Until 1999, the litigation and other exceptions set forth in Subchapter C of the Act applied to all information that otherwise would have to be disclosed, including the categories of information listed in section 552.022. The pre 1999 version of "section 552.022 emphasize[d] that its categories [did] not limit the meaning of the Act's other sections." *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 359 (Tex.2000). In *City of Garland,* we held that a document was a final report under section 552.022, but we also recognized

that exceptions in Subchapter C, such as the deliberative process privilege contained in section 552.111, could except a final report from disclosure. *Id.* at 359–60.

In 1999, the Legislature amended section 552.022. That section of the Act now provides that the categories of public information it lists are "not excepted from required disclosure *under this chapter* unless they are expressly confidential *under other law,*" meaning law other than Chapter 552 of the Government Code, which is the Public Information Act. TEX.GOV'T CODE § 552.022(a) (emphasis added). Since the litigation exception is found in Chapter 552 of the Government Code, that exception does not apply to the categories of information enumerated in section 552.022(a). The *Statesman* contends that the report at issue is a completed report and that no "other law" expressly makes a consulting expert's completed report confidential.

 The City has conceded in this Court that the exceptions set forth in Subchapter C of the Act, including the litigation exception, do not apply to information that must be disclosed under section 552.022(a). Nor does the City dispute that its expert's report is "completed" within the meaning of the Act. The City contends only that Texas Rules of Civil Procedure 192.3(e) and 192.5 are "other law" that expressly make consulting-expert reports confidential. Thus, we are presented with a very narrow issue. When the Legislature amended section 552.022, did it intend "other law" to include the work-product and consulting-expert privileges codified in the rules of procedure? We conclude that it did.

 The starting point in construing a statutory provision is the provision itself. Section 552.022 refers to "other law" in both subsections (a) and (b):

(a) Without limiting the amount or kind of information that is public information under this chapter, the following categories of information are public information and not excepted from required disclosure under this chapter unless they are expressly confidential under other law:

(1) a completed report, audit, evaluation, or investigation made of, for, or by a governmental body, except as provided by Section 552.108 [certain law enforcement and prosecutorial information];

\* \* \*

(b) A court in this state may not order a governmental body or an officer for public information to withhold from public inspection any category of public information described by Subsection (a) or to not produce the category of public information for inspection or duplication, unless the category of information is expressly made confidential under other law.

TEX. GOV'T CODE § 552.022(a), (b).

The term "other law" is not limited to other statutes. The commonly understood meaning of "law" includes judicial decisions and rules promulgated by the judiciary, such as rules of procedure and evidence. Although we know of no case in which this Court has had occasion to construe the term "other law" when used in a statute, we have said that our rules of procedure "have the same force and effect as statutes." *Missouri Pac. R.R. v. Cross,* 501 S.W.2d 868, 872 (Tex.1973) ("The Texas Rules of Civil Procedure have the same force and effect as statutes.") (citing *Freeman v. Freeman,* 160 Tex. 148, 327 S.W.2d

428, 433 (1959) (same)). Indeed, before this Court adopted rules of civil procedure and evidence, much of the law governing evidence and court procedures was contained in statutes.[1] In 1939, when the Legislature by statute "confer[red] upon and relinquish[ed]" to this Court full rule-making power,[2] it thereby acknowledged our authority to make the law governing civil procedure and evidence.[3] The law of civil procedure and evidence did not become any less "law" simply because it moved from legislated statutes to judicially promulgated rules.

The rules of procedure and evidence, as well as the statutes that preceded them, have embodied work-product and attorney-client privileges that have long been part of the common law. The United States Supreme Court recognized the work-product doctrine over fifty years ago in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Former Rule 186a of the Texas Rules of Civil Procedure was promulgated in 1957 to protect the work product of a litigant or prospective litigant. *See Ex parte Hanlon,* 406 S.W.2d 204, 207 (Tex.1966) (observing that Rule 186a was intended to protect work product). The origins of the attorney-client privilege are even older. We noted in *Ford Motor Co. v. Leggat,* 904 S.W.2d 643 (Tex.1995), that "[t]he attorney-client privilege has been recognized as 'the oldest of the privileges for confidential communications known to the common law.' " *Id.* at 647 (quoting *United States v. Zolin,* 491 U.S. 554, 562, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989)). The work-product and attorney-client privileges have been an integral part of our

---

**1.** A brief discussion of and citations to the former statutes can be found in Kent Caperton & Erwin McGee, *Background, Scope and Applicability of the Texas Rules of Evidence,* 20 HOUS L.REV. 49, 56 (1983).

**2.** Act of May 12, 1939, 46th Leg., R.S., ch. 25, § 1, 1939 Tex.Gen. Laws 201 (former Tex. Rev.Civ.Stat. art. 1731a).

**3.** *See* TEX. CONST. art. V, § 31.

law. The Legislature was fully cognizant of this longstanding law and the procedural and evidentiary rules embodying it when it used the broad term "other law."

The United States Supreme Court had occasion to interpret the phrase "all other law" in *Norfolk & Western Ry. v. American Train Dispatchers Ass'n*, 499 U.S. 117, 111 S.Ct. 1156, 113 L.Ed.2d 95 (1991). The issue was whether a provision in the Interstate Commerce Act, 49 U.S.C. § 11341(a), that exempted carriers from "all other law" included legal obligations under a collective-bargaining agreement. *Id.* at 127, 111 S.Ct. 1156. The Supreme Court held that it did. The Court reasoned that the phrase "all other law," by itself, "indicates no limitation." *Id.* at 129, 111 S.Ct. 1156. The Court further explained that the fact that there was other language in addition to the coverage of "all other law" did "not detract from this breadth." *Id.* The words "all other law" appeared in the phrase "is exempt from the antitrust laws and all other law, including State and municipal law." 49 U.S.C. § 11341(a). The Supreme Court concluded that this language was "clear, broad, and unqualified" and did not allow any distinction "between positive enactments and common-law rules of liability." *Norfolk & Western Ry.*, 499 U.S. at 128, 111 S.Ct. 1156.

The *Statesman* asks us to construe the words "other law" narrowly to exclude our rules of procedure and evidence. It offers no authority for such a restrictive reading of "other law." The *Statesman* readily concedes that if this Court were to agree with its interpretation, not only work-product but attorney-client privileged matters would have to be disclosed by governmental entities if that information is contained in "a completed report, ... evaluation, or investigation." TEX. GOV'T CODE § 552.022(a)(1).

The interpretation of section 552.022 advocated by the *Statesman* would have a profound impact on governmental bodies. School boards, counties, and cities, to name but a few governmental entities, could not obtain written legal advice when making decisions or conducting operations. Governmental entities would have to disclose all legal advice and strategy to those with whom they were negotiating contracts or other agreements, rendering the process decidedly one-sided. Nor could governmental entities engage in frank, searching self-evaluations that involved legal counsel without disclosing those communications. As a consequence, governmental entities might well choose to forego fruitful self-analysis and decide not to seek needed legal advice.

The ability of governmental entities to pursue and defend claims would also be significantly impaired. All governmental bodies would be required to conduct litigation at a severe disadvantage since written legal advice and strategy would have to be disclosed to opposing parties upon request. Governmental entities would also be required to disclose to their opponents written evaluations of settlement strategies, which would impair a governmental entity's ability to negotiate the lowest possible settlement. Taxpayers would bear the increased costs.

Legislative intent to effectuate such a sweeping waiver of the work-product and attorney-client privileges cannot be gleaned from the words "unless the category of information is expressly made confidential under other law." *Id.* § 552.022(b). The rules of evidence expressly deem certain attorney-client communications to be "confidential" and permit a client to refuse to disclose "confidential" communications under specifically delineated circumstances:

(5) A communication is "confidential" if not intended to be disclosed to third

persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.

**(b) Rules of Privilege**

(1) *General rule of privilege.* A client has a privilege to refuse to disclose . . . confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:

(A) between the client or a representative of the client and the client's lawyer or a representative of the lawyer;

(B) between the lawyer and the lawyer's representative;

(C) by the client or a representative of the client, or the client's lawyer or a representative of the lawyer, to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein;

(D) between representatives of the client or between the client and a representative of the client; or

(E) among lawyers and their representatives representing the same client.

TEX.R.EVID. 503(a)(5), (b)(1).

The rules of civil procedure delineate a category for consulting experts whose mental impressions and opinions have not been reviewed by a testifying expert. TEX.R.CIV.P. 192.3(e). The rules expressly provide that a party is not required to disclose the identity, mental impressions, and opinions of consulting experts. *Id.* A law does not have to use the word "confidential" to expressly impose confidentiality. The rules of procedure make it abundantly clear that information about consulting experts is confidential. *Id.*

The rules of procedure also define with some precision the categories of documents that comprise work product. *Id.* at 192.5. Again, the rules do not have to use the word "confidential" to make information confidential. The rules expressly provide that certain types of work product do not have to be disclosed, which means they are confidential.

There are provisions of section 552.022 other than the phrase "unless the category of information is expressly made confidential under other law" that reinforce the conclusion that the Legislature did not intend to abrogate the State's or its political subdivisions' right to withhold from disclosure work product or matters covered by the attorney-client privilege. TEX.GOV'T CODE § 552.022(b). In subsection 552.022(a)(16), the Legislature has provided that public information includes "information that is in a bill for attorney's fees and that is not privileged under the attorney-client privilege." TEX. GOV'T CODE § 552.022(a)(16). The Legislature has thus said that public information does not include information subject to the attorney-client privilege in an attorney's bill to the State or a political subdivision. That information does not have to be disclosed. If the Legislature had intended for article 552.022 to sweep so broadly that it reached all attorney-client and work-product information contained in final reports or evaluations, why would it have taken pains to except from disclosure *brief descriptions* of that same information in attorney's bills under 552.022(a)(16)? If we were to accept the *Statesman's* narrow interpretation of "other law," a completed evaluation of legal issues would have to be disclosed in its entirety even though a reference to that evaluation in a bill for attorney's fees would not have to be disclosed. Section

552.022 cannot be given such a strained construction.

For the same reason, we cannot agree with the dissent's interpretation of section 552.022. The dissent maintains that if the Legislature had intended to preserve the attorney-client and work-product privileges for all completed reports and evaluations by references in 552.002(a) and (b) to information that is "expressly confidential under other law" and "expressly made confidential under other law," then the Legislature would not have needed to include in subsection (a)(16) the phrase "that is not privileged under the attorney-client privilege." 53 S.W.3d at 331; Tex.Gov't Code § 552.022(a)(16). The dissent argues that our construction renders the reference in (a)(16) to the attorney-client privilege surplusage.

That reasoning is unpersuasive. Any "surplusage" in subsection (a)(16) is entirely consistent with other "surplusage" in section 552.022. Subsection (b) of 552.022 overlaps with and largely, if not entirely, duplicates subsection (a). These subsections provide, respectively:

> (a) Without limiting the amount or kind of information that is public information under this chapter, the following categories of information are public information and not excepted from required disclosure under this chapter unless they are expressly confidential under other law:

> \* \* \*

> (b) A court in this state may not order a governmental body or an officer for public information to withhold from public inspection any category of public information described by Subsection (a) or to not produce the category of public information for inspection or duplication, unless the category of information is expressly made confidential under other law.

Tex. Gov't Code § 552.022(a), (b).

The Legislature added the phrase in (a) that says "and not excepted from required disclosure under this chapter unless they are expressly confidential under other law" at the same time that it added subsection (b).[4] As we have seen, by adding the foregoing phrase to (a) in 1999, the Legislature for the first time eliminated the applicability of the exceptions enumerated in Subchapter C to the information listed in 552.022, and required disclosure unless some law other than the exceptions in the Act made the information confidential. *See supra* 53 S.W.3d at 334.

In requiring disclosure of information within section 552.022's categories "unless they are expressly confidential under other law," the Legislature necessarily mandated that a court could not order or permit a governmental body to withhold information that the Act says must be disclosed. The Legislature nevertheless repeated in subsection (b) what it had already said in (a), which is that a court may not order a governmental body "to withhold from public inspection any category of public information described by Subsection (a) or to not produce the category of public information for inspection or duplication, unless the category of information is expressly made confidential under other law." Tex. Gov't Code § 552.022(b). It was unnecessary to include subsection (b), but the Legislature did so. Similarly, the Legislature did not need to say in subsection (a)(16) that information in a bill for attorney's fees that is "privileged under the attorney-

---

4. Act of May 25, 1999, 76th Leg., R.S., ch. 1319, § 5, 1999 Tex. Gen. Laws 4500, 4501–02.

client privilege" is excepted from disclosure since the Legislature had already said, not once but twice, in section 552.022 that information expressly confidential under other law does not have to be disclosed. But the Legislature did. The only reasonable explanations for the redundancies in section 552.022 about exceptions from disclosure when information is "expressly confidential under other law" is that the Legislature repeated itself out of an abundance of caution, for emphasis, or both. There is no indication that the Legislature intended the repetition in section 552.022 to bring about a radical change in the application of attorney-client, work-product, and consulting-expert privileges to governmental entities.

The Texas Rules of Civil Procedure and the Texas Rules of Evidence are "other law" within the meaning of section 552.022. The expert's report at issue in this case is within a category of information "expressly made confidential" under the rules of civil procedure. TEX.R.CIV.P. 192.3(e), 192.5.

## IV

The *Statesman* argues that the City waived any privilege that it may have had to withhold the consulting engineer's report from disclosure. We disagree.

■ The *Statesman* first contends that the City waived any right to rely on the "other law" provision in section 522.022 because the City did not assert this section of the Act when it requested the Attorney General to issue a ruling. It is true that when the City requested a ruling, it said simply that its consulting expert's report was excepted from disclosure by section 552.103 of the Act. But the Act only precludes a governmental body from relying on exceptions that it did not raise with the Attorney General if they arise under *Subchapter C*. Section 552.022 and its exception for information that has been made

confidential "under other law" are part of Subchapter B, not Subchapter C. The "Failure to Raise Exceptions before Attorney General" section of the Act does not apply to exceptions set forth in Subchapter B:

### § 552.326. Failure to Raise Exceptions before Attorney General

(a) Except as provided by Subsection (b), the only exceptions to required disclosure within Subchapter C that a governmental body may raise in a suit filed under this chapter are exceptions that the governmental body properly raised before the attorney general in connection with its request for a decision regarding the matter under Subchapter G.

(b) Subsection (a) does not prohibit a governmental body from raising an exception:

(1) based on a requirement of federal law; or

(2) involving the property or privacy interests of another person.

TEX.GOV'T CODE § 552.326 (footnotes omitted).

In its request for a ruling, the City was not required by the Act to assert before the Attorney General that its expert report fell within a "category of information ... expressly made confidential under other law." *Id.* § 552.022(b).

■ The *Statesman* also asserts waiver based on the fact that the report at issue was attached to the City Manager's self-evaluation. However, the trial court could not conclude from this bare fact that there had been a waiver. The City Attorney testified without contradiction in the trial court that she requested the report for purposes of analyzing litigation. The evidence is also uncontroverted that only employees of the City involved in evaluating the litigation saw or had access to the consulting expert's report, even though it

was attached to the City Manager's self-evaluation. There is no evidence in the record that the report was used for any purpose other than evaluating pending or anticipated litigation. Based on the record before us, the City conclusively established that the report is privileged. *See Jordan v. Court of Appeals for the Fourth Supreme Judicial District,* 701 S.W.2d 644, 648–49 (Tex.1985) (holding that a party claiming a privilege has the burden to establish that privilege and, if the matter for which a privilege is sought has been disclosed to a third party, that no waiver took place).

＊ ＊ ＊ ＊ ＊

We hold that if documents are privileged or confidential under the Texas Rules of Civil Procedure or Texas Rules of Evidence, they are within a "category of information [that] is expressly made confidential under other law" within the meaning of section 552.022 of the Public Information Act. We further hold that the City has not waived its work-product or consulting-expert privileges. We therefore conditionally issue a writ of mandamus directing the trial court to vacate its order granting a writ of mandamus in which it required the City of Georgetown to produce records to the *Austin American–Statesman.*

Justice HECHT, concurring.

I join fully in the Court's opinion and add a few words only to emphasize that review of a trial court's decision under sections 552.324 and 552.325 of the Public Information Act [1] should ordinarily be by appeal, not by a petition to an appellate court for writ of mandamus.[2] The choice of vehicle is important because it may affect the standard of review, although the

outcome in this case would be no different had review been pursued by appeal. Also, on appeal the court of appeals is obliged to explain its decision by written opinion, a requirement not imposed when it denies a petition for mandamus in an original proceeding.[3] Here, because the trial court ordered disclosure of the report sought within a few hours after the hearing concluded and did not adjudicate the attorney fees claim, the City's petitions for mandamus relief in the court of appeals and this Court were proper.

Justice ABBOTT, dissenting, joined by Chief Justice PHILLIPS and Justice BAKER.

When enacting Chapter 552 of the Public Information Act, the Legislature enunciated a clear and unambiguous policy statement: "[I]t is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees." TEX. GOV'T CODE § 552.001(a). The Act "forcefully articulates a policy of open government." *A & T Consults., Inc. v. Sharp,* 904 S.W.2d 668, 675 (Tex.1995). To effectuate this policy, the Legislature mandated that the Act "shall be liberally construed in favor of granting a request for information." TEX. GOV'T CODE § 552.001(b).

To further these broad directives, the Legislature expressly identified eighteen categories of information that are "public information" and that must be disclosed upon request. TEX. GOV'T CODE § 552.022(a). The Legislature attempted to safeguard its policy of open records by adding subsection 552.022(b), which limits

---

**1.** TEX. GOV'T CODE §§ 552.001 *et seq.*

**2.** *See Love v. Wilcox,* 119 Tex. 256, 28 S.W.2d 515, 521 (1930).

**3.** *Compare* TEX.R.APP.P. 47.1 and 52.8(d).

courts' encroachment on its legislatively established policy decisions. That section provides:

A court in this state may not order a governmental body or an officer for public information to withhold from public inspection any category of public information described by Subsection (a) or to not produce the category of public information for inspection or duplication, unless the category of information is expressly made confidential under other law.

*Id.* § 552.022(b). Subsection (b) makes clear that courts may not order any information falling within the subsection (a) categories to be withheld, unless the information is expressly made confidential under other law. *Id.* But if this Court has the power to broaden by judicial rule the categories of information that are "confidential under other law," then subsection (b) is eviscerated from the statute. By determining what information falls outside subsection (a)'s scope, this Court may evade the mandates of subsection (b) and order information withheld whenever it sees fit. This not only contradicts the spirit and language of subsection (b), it guts it. For these reasons and for those that follow, I dissent.

The eighteen categories of public information listed in subsection (a) are "not excepted from required disclosure under [Chapter 552]." *Id.* § 552.022(a). This language plainly means that the exceptions to disclosure contained in Subchapter C of the Act do not apply to these categories of information. And, information falling within the scope of subsection (a) may not be withheld "unless the category of information is expressly made confidential under other law." *Id.* § 552.022(b).

The first category of public information listed in subsection (a) is "a completed report, audit, evaluation, or investigation made of, for, or by a governmental body, except as provided by Section 552.108." Because section 552.108, the exception for certain law-enforcement and prosecutorial records, does not apply, the engineering report at issue falls within this category. The report may also fall within the litigation exception to disclosure (Section 552.103) or one of the other Subchapter C exceptions, but, as noted, those exceptions do not apply. Accordingly, under the plain language of section 552.022, the report can be withheld only if it is expressly made confidential under other law.

In construing the Act to determine whether the report is within a category of information that "is expressly made confidential under other law" and therefore can be withheld, the Court should be guided by the legislative policy underlying the Act. That policy instructs us to strictly construe the language "expressly made confidential under other law" to ensure disclosure to the full extent envisioned by the Legislature. The more broadly the Court construes this language, the more information may be withheld from disclosure, and the more the legislative policy of public access to information is thwarted.

The City contends that the report is privileged under the work-product and consulting-expert privileges embodied in Texas Rules of Civil Procedure 192.5 and 192.3(e) and is therefore "confidential under other law" within the meaning of section 552.022. But "privileged" is not the same as "confidential." These discovery privileges do not except the report from disclosure under section 552.022(a). They simply protect documents from discovery if the privilege is properly asserted. Privileges are voluntary and may be waived. That is why discovery privileges are recognized and included within the *permissive* exceptions of sections 552.103 (litigation exception), 552.107(1) (certain legal mat-

ters), and 552.111 (agency memoranda) of the Act. But those exceptions do not apply to "public information" under section 552.022(a).

The Court concludes that the Texas Rules of Civil Procedure and the Texas Rules of Evidence constitute "other law" within the meaning of section 552.022. But there is no indication that the Legislature considered our rules to be "other law." To the contrary, our State Constitution makes clear that it is the Legislature that promulgates laws and "the power conferred upon the legislature to make the laws cannot be delegated by that department to any other body or authority." TEX. CONST. art. III, § 1 interp. commentary (Vernon 1997); *FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868, 873 (Tex.2000) (the Texas Constitution vests legislative power in the Legislature). Although the Legislature may have delegated to the Court rule-making authority, it did not grant us law-making authority. In fact, the Legislature provided that "[t]he supreme court may make and enforce all necessary rules of practice and procedure, *not inconsistent with the law*, for the government of the supreme court and all other courts of the state." TEX. GOV'T CODE § 22.003(b) (emphasis added). If the Legislature considered our rules to be law, it would have used the words "other law" rather than "the law."

Moreover, even if this Court's rules can be considered "other law," they do not expressly make confidential those documents that are protected by the work-product and consulting-expert privileges.[1] The rules do not use the term "confidential" in connection with these privileges. Nevertheless, the Court contends, "the rules do not have to use the word 'confi-

dential' to make information confidential." 53 S.W.3d at 334. But the rules do have to use the word "confidential" to *expressly* make information confidential. The Court simply ignores the statute's unambiguous requirement that the information be "expressly" made confidential. How can it be said that the rules *expressly* make documents confidential if the rules never even use the word "confidential"? The Court rewrites the statute so that "expressly made confidential under other law" means only that information "do[es] not have to be disclosed." 53 S.W.3d at 331. Section 552.022(a) is unambiguous and should not be construed to mean something other than what the plain words say. *See Fleming Foods v. Rylander*, 6 S.W.3d 278, 284 (Tex.1999). "It is the duty of a court to give to language used in a statute the meaning with which it was used by the legislature ... [and] the only safe rule is to apply to [the words used] their ordinary meaning...." *Boudreaux v. Tex. & N.O.R. Co.*, 78 S.W.2d 641, 644 (Tex.Civ.App.—Beaumont 1935, writ ref'd). The court-made rules do not *expressly* make confidential information that is subject to the work-product and consulting-expert privileges; nor does any other law.

In contrast to information subject to the work-product and consulting-expert privileges, which is not expressly made confidential by any law, numerous types of information are "expressly made confidential under other law." For example, Texas Transportation Code section 681.003(d) provides that "[i]nformation concerning the name or address of a person to whom a disabled parking placard is issued or in whose behalf a disabled parking placard is issued is confidential...." TEX.TRANSP. CODE § 681.003(d). Section 21.355 of the

---

1. Although the Court includes a discussion of the attorney-client privilege and the Texas Rules of Evidence, they are not at issue here.

The City has asserted only the work-product and consulting-expert privileges in the Texas Rules of Civil Procedure.

Texas Education Code provides that "[a] document evaluating the performance of a teacher or administrator is confidential." TEX.EDUC.CODE § 21.355. Section 28.058 provides: "All information regarding an individual student received by the commissioner under this subchapter from a school district or student is confidential." *Id.* § 28.058. And, Family Code section 58.106 makes confidential information contained in the juvenile justice information system and precludes its disclosure. TEX.FAM. CODE § 58.106. This is just a small sample of the many examples—too numerous to list—in which the Legislature has made information expressly confidential. These confidentiality provisions generally protect third parties' privacy, not that of party litigants. And, in contrast to privileges, governmental compliance with confidentiality laws is mandatory, and their protections may not be waived by governmental entities.

In addition to expressly making certain information confidential, the Legislature also often expressly excepts information from the operation of the Public Information Act. For example, Texas Health and Safety Code section 82.009, which concerns data obtained from medical records, makes that data confidential and expressly states that "[i]nformation that may identify an individual whose medical records have been used for obtaining data under this chapter is not available for public inspection under Chapter 552, Government Code." TEX. HEALTH & SAFETY CODE § 82.009(b). And, Agriculture Code section 201.006 provides that, "[e]xcept as provided by this section, information collected by the state board or a conservation district is not subject to Chapter 552, Government Code." TEX. AGRIC. CODE § 201.006(a).

I include these citations to emphasize a simple point: "When the Legislature has

intended to make information confidential, it has not hesitated to so provide in express terms." *Birnbaum v. Alliance of Amer. Insurers,* 994 S.W.2d 766, 776 (Tex. App.—Austin 1999, pet. denied). Similarly, when it desired certain information to be exempt from public disclosure under Chapter 552, it unambiguously noted that exception. But the Legislature has not expressly made privileged information confidential or exempted it from Chapter 552. Nor has the Legislature excepted privileged information from section 552.022(a)(1). If the Legislature had intended to exclude from mandatory disclosure information related to litigation, it could easily have included the litigation exception in the language of section 552.022(a)(1), the same way it included section 552.108, the exception for law-enforcement and prosecutorial records.

That the Legislature does not consider the terms "privileged" and "confidential" synonymous is further evidenced by the terms' use within the Act. For example, in section 552.110, the exception for trade secrets, the Legislature made an express distinction between "privileged" and "confidential": "A trade secret obtained from a person and privileged or confidential by statute or judicial decision is excepted . . . ." TEX. GOV'T CODE § 552.110. And in section 552.131, the Legislature again used privileged and confidential in the disjunctive: "This section does not affect whether information is considered confidential or privileged under Section 508.313." *Id.* § 552.131(c).

More notably, section 552.022(a)(16) defines as public "information that is in a bill for attorney's fees and that is not privileged under the attorney-client privilege." *Id.* § 552.022(a)(16). Certainly, it would be unnecessary for the Legislature to have included the language "that is not privileged under the attorney-client privi-

lege" if the term "confidential" includes privileged information. When it amended section (a)(16), which formerly excluded information in a legal-fee bill that was "privileged by the attorney client privilege or confidential under other law," the Legislature deleted "or confidential under other law." With the amendment, the deleted language became duplicative of the "unless they are expressly confidential under other law" language added to the introductory section of 552.022(a). If the Legislature had deemed privileged information to be within the scope of "confidential under other law," it would have also deleted the language referring to the attorney-client privilege. Because it did not, we must assume that it means something different. *See Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) (we must give effect to all words of a statute and avoid constructions that would treat statutory language as surplusage). Moreover, the Legislature's express exclusion of privileged matter in subsection (a)(16) demonstrates that the Legislature considered privileged information when it wrote section 552.022 and expressly allowed only certain documents cloaked with the attorney-client privilege to be withheld. The Legislature could have shielded from disclosure other documents protected by privilege, but it chose not to.

Section 552.022 provides:

(a) Without limiting the amount or kind of information that is public information under this chapter, the following categories of information are public information and not excepted from required disclosure under this chapter unless they are expressly confidential under other law:

. . . .

(b) *A court in this state may not order a governmental body or an officer for public information to withhold from public inspection any category of public information described by Subsection (a) or to not produce the category of public information for inspection or duplication,* unless the category of information is expressly made confidential under other law.

TEX.GOV'T CODE § 552.022 (emphasis added).

In an attempt to skirt the strictures of section 552.022(b), the Court contends that: (1) subsection (a) and subsection (b) are "largely, if not entirely" duplicative; (2) it was unnecessary to include subsection (b), but the Legislature did so; (3) the Legislature did not need to include the language that information in an attorney fee bill that is "privileged under the attorney-client privilege" is excepted from disclosure since the Legislature already said twice that information "expressly confidential under other law" does not have to be disclosed; and (4) "the only reasonable explanations for the redundancies in section 552.022 about exceptions from disclosure when information is 'expressly confidential under other law' is that the Legislature repeated itself out of an abundance of caution, for emphasis, or both." 53 S.W.3d at 336.

First, subsections (a) and (b) are far from duplicative. In fact, of the fifty-six words in subsection (b), only twelve could be called duplicative of subsection (a). The italicized language in subsection (b) is unique to that provision and is obviously not duplicative of words in subsection (a). Moreover, the two subsections have very different purposes. Subsection (a)'s purpose is to create a set of "super public" categories of information to which the exceptions to disclosure contained in Subchapter C of the Act do not apply. Subsection (b)'s purpose is to prevent courts from ordering information withheld unless the information is expressly made confi-

dential under some other law. Thus, far from being duplicative, the two provisions use different language and serve different purposes.

Second, the Court's conclusion that the redundancy of the "expressly confidential under other law" language was the result of caution or emphasis begs the question of why the Legislature left in the express exception for information in a fee bill that is "privileged under the attorney-client privilege." Even if subsections (a) and (b) were redundant, under the Court's reasoning, the presence of redundancy anywhere in the statute should lead us to entirely abandon the rule of statutory construction that no language shall be treated as surplusage.

The Court further questions: "If the Legislature had intended for article 552.022 to sweep so broadly that it reached all attorney-client and work-product information contained in final reports or evaluations, why would it have taken pains to except from disclosure *brief descriptions* of that same information in attorney's bills under 552.022(a)(16)?" 53 S.W.3d at 334. First, subsection (a)(16) only excepts from disclosure information protected by the attorney-client privilege, not work product or any other privilege. Second, and more importantly, subsection (a)(16) is a general provision requiring disclosure of information in attorney-fee bills, and its exception for attorney-client privileged information will still apply to many categories of information. For example, brief descriptions of conversations, communications, and the like are protected by the attorney-client privilege exception in (a)(16). Accordingly, it is inaccurate to say that the Legislature has "taken pains to except from disclosure" brief descriptions of information contained in final reports and evaluations even though those reports and evaluations are nevertheless made public under other sub-

sections. Rather, the Legislature has taken pains to except all attorney-client privileged information in fee bills, even though some portion of the underlying information—completed reports and evaluations—is otherwise made public under subsection (a).

Last, when the Legislature has intended to except information made privileged or confidential by judicial decision, it has expressly said so. As noted, section 552.110 excepts from disclosure "[a] trade secret obtained from a person and privileged or confidential by statute or judicial decision." TEX.GOV'T CODE § 552.110. And, in section 552.101, the Legislature excepted "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." *Id.* § 552.101. But in section 552.022, the Legislature chose not to expressly except information made confidential by judicial decision or judicial rule. When the Legislature has used a term in one section of a statute and excluded it in another, the Court should not imply the term where it has been excluded. *See Smith v. Baldwin,* 611 S.W.2d 611, 616 (Tex.1980) ("When the Legislature has carefully employed a term in one section of a statute, and has excluded it in another, it should not be implied where excluded."). "A court may not judicially amend a statute and add words that are not implicitly contained in the language of the statute." *Lee v. City of Houston,* 807 S.W.2d 290, 294–95 (Tex.1991) (quoting *Jones v. Liberty Mut. Ins. Co.,* 745 S.W.2d 901, 902 (Tex.1988)).

Contrary to the City's outcry, interpreting the act to require disclosure here does not open to the public all litigation-related information. The litigation exception in section 552.103 may be asserted with regard to all types of information except those that fall within the scope of 552.022(a). Whether privileges may be as-

serted to withhold information will depend on the type of information being sought and whether it is within the eighteen categories of information that the Legislature has deemed "public information." Here, section 552.022(a)(1) requires the City to release only one type of litigation-related information—the engineering report. But section 552.103, which specifically excepts from disclosure information relating to litigation involving the state or a political subdivision, still allows the government to withhold a wide range of information not subject to section 552.022(a) under a standard—"related to litigation"—much broader than that actually used in litigation. TEX.GOV'T CODE § 552.103; *see also Univ. of Tex. Law Sch. v. Tex. Legal Found.*, 958 S.W.2d 479, 482–83 (Tex.App.—Austin 1997, no writ). The Legislature was aware of governmental entities' concerns regarding privileged information and provided appropriate protections by enacting section 552.103. But, as noted, the Legislature clearly intended that exception not to apply to any of the information listed in section 552.022(a).

The Court and the City are fair in concluding that this interpretation of section 552.022 places an extra burden on governmental entities because it requires them to disclose in a litigation context certain documents that private parties would not be required to produce. But it is within the Legislature's province to make that call. We are bound to apply the statute's words as written:

> and if, so applying them, the legislation in which they are found seems to be harsh, ... the courts ... are not authorized to place on them a forced construction for the purpose of mitigating a seeming hardship, imposed by a statute, or conferring a right which the legislature had not thought proper to give. It is the duty of a court to administer the law as it is written, and not to make the

law; and however harsh a statute may seem to be, or whatever may seem to be its omission, courts cannot, on such considerations, by construction sustain its operation, or make it apply to cases to which it does not apply, without assuming functions that pertain solely to the legislative department of the government.

*Boudreaux*, 78 S.W.2d at 644.

While the Court's interpretation may have common sense behind it, a strict construction of the statute does not support it. Subsection (b)'s mandate that public information cannot be withheld unless expressly made confidential under other law is clear. Today, the Court abandons strict construction and rewrites the statute to eliminate subsection (b)'s restrictions. Accordingly, I dissent.