v00154







 
 



 
 
 
                               NUMBER 13-03-376-CV
                           COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI - EDINBURG

 
IN RE: NATIVIDAD ARRIOLA, ET AL., 
 

On Petition for Writ of Mandamus

 
 
OPINION 
Before the Court En Banc 
Opinion by Chief Justice Valdez
 
          In this proceeding, relators, the family and estate of Virginia Arriola, seek relief from
three trial court orders that cumulatively barred relators from obtaining “protected health
information, medical condition, care and treatment, and/or personal and clinical information
of any Sunnybrook Health Care Center resident” other than Arriola without authorization
from the resident. Relators contend: (1) any privilege or confidentiality attached to the
information was waived by the real parties; (2) the circumstances of this case fall under the
“litigation” and “abuse and neglect” exceptions to the Texas Rules of Evidence regarding
physician-patient privilege and confidentiality of mental health information; and (3) one of
the orders is overly broad. We conditionally grant the petition for writ of mandamus. 
I. BACKGROUND
          Relators brought suit against the real parties in interest, Sunnybrook Health Care
Center (“Sunnybrook”) and others (“real parties”),


 contending Arriola suffered injuries from
repeated falls at Sunnybrook and was sexually assaulted by Gabriel Vela. At the time of
the alleged incident, both Arriola and Vela were residents of Sunnybrook, a nursing home.


 
Vela was also under psychiatric care. 
          Relators alleged the real parties had knowledge that Vela previously assaulted and
engaged in nonconsensual sexual behavior with Sunnybrook staff members and other
residents. Relators raised allegations of negligence, negligence per se, and gross
negligence, among other claims. 
          During depositions of their employees, the real parties asserted claims of physician-patient privilege to nearly all questions pertaining to Vela. They also refused to produce
documents pertaining to Vela. Relators filed a motion to compel discovery pertaining to
Vela and for sanctions. In the motion, they contended Sunnybrook produced its records
pertaining to Vela in another suit without objection. Yet, in the present suit, the real parties
repeatedly invoked the physician-patient privilege and objected and refused to produce
documents or allow any testimony concerning Vela’s conduct. Relators argued: (1) the
prior disclosure of Vela’s records waived any claims of privilege or confidentiality; and (2)
the facts of this case fall within two exceptions to the rules of evidence pertaining to
physician-patient privilege and confidentiality of mental health information in civil cases. 
See Tex. R. Evid. 509, 510. 
          In the real parties’ response to this motion, they requested an order prohibiting
relators from inquiring about the “protected health information, medical condition, care and
treatment, or confidential communications [of] any Sunnybrook past or current residents
other than Virginia Arriola.” The real parties contended various statutes mandated
confidentiality and no exception to the privileges applied. Dr. Nestor Praderio and
Psychiatric Consulting Services, P.A., two of the real parties, filed a separate motion for
an order of protection from discovery requests regarding the care, treatment, and conduct
of patients other than Arriola.
          On May 27, 2003, the trial court granted Dr. Praderio and Psychiatric Consulting
Services, P.A.’s motion for a protective order. On May 30, 2003, the trial court denied
relators’ motion to compel discovery and for sanctions. And on June 6, 2003, the trial court
entered an order prohibiting relators from: 
inquiring of Defendants, Dr. Jaime Sandoval, and their current and former
employees, representatives, or agents regarding the protected health
information, medical condition, care and treatment, and/or personal and
clinical information of any Sunnybrook Health Care Center resident, whether
former or current, other than Virginia Arriola, unless [relators] provide an
authorization from such resident.          Relators request a writ of mandamus requiring the trial judge to vacate the May 27,
May 30, and June 6 orders and to grant relators’ motion to compel discovery. 
II. ANALYSIS
          A writ of mandamus will issue to correct a clear abuse of discretion by a lower court
where no adequate remedy at law exists. In re Ci Host, Inc., 92 S.W.3d 514, 516 (Tex.
2002) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding). We first consider whether the trial court abused its discretion in issuing the
three orders. 
A. Abuse of Discretion
          “A trial court has no ‘discretion’ in determining what the law is or applying the law
to the facts.” Walker, 827 S.W.2d at 840. The trial court abuses its discretion when it
clearly fails to correctly analyze or apply the law to the facts. Id. 
1. Rules of Evidence
          The Texas Rules of Evidence recognize the existence of the physician-patient
privilege and the mental health information privilege. R.K. v. Ramirez, 887 S.W.2d 836,
839-40 (Tex. 1994) (orig. proceeding); see Tex. R. Evid. 509, 510. Rule 509, which
governs the physician-patient privilege, states in part:
In a civil proceeding: 

          (1) Confidential communications between a physician and a patient,
relative to or in connection with any professional services rendered by a
physician to the patient are privileged and may not be disclosed.

          (2) Records of the identity, diagnosis, evaluation, or treatment of a
patient by a physician that are created or maintained by a physician are
confidential and privileged and may not be disclosed.

Tex. R. Evid. 509 (c)(1), (2). Rule 510, which governs the confidentiality of mental health
information in civil cases, states in part:
          (1) Communication between a patient and a professional is
confidential and shall not be disclosed in civil cases. 

          (2) Records of the identity, diagnosis, evaluation, or treatment of a
patient which are created or maintained by a professional are confidential
and shall not be disclosed in civil cases.

Tex. R. Evid. 510(b)(1), (2).
          These privileges serve two purposes. They encourage communication that is
necessary for effective treatment and prevent unnecessary disclosure of highly-personal
information. R.K., 887 S.W.2d at 840 (citing Ginsberg v. Fifth Court of Appeals, 686
S.W.2d 105, 107 (Tex. 1985) (orig. proceeding) and Ex Parte Abell, 613 S.W.2d 255, 262
(Tex. 1981) (orig. proceeding)). 
          These privileges, however, are not absolute. Id. They are subject to various
exceptions. Id.; see Tex. R. Evid. 509(e), 510(d). Relevant to the case before us are the
abuse-and-neglect exceptions to these rules. Rules 509 and 510 both contain an
exception to privilege and confidentiality “in any proceeding regarding the abuse or neglect,
or the cause of any abuse or neglect, of the resident” of an “institution” as defined in
section 242.002 of the health and safety code. Tex. R. Evid. 509(e)(7), 510(d)(6); see Tex.
Health & Safety Code Ann. § 242.002 (Vernon 2001). 
          Here, the trial court’s orders, and particularly the June 6, 2003 order, broadly bar
inquiry into the “protected health information, medical condition, care and treatment, and/or
personal and clinical information” of any Sunnybrook resident other than Arriola without the
resident’s approval. The broad bar includes information that is subject to the privileges
defined in rules 509 and 510, such as communications between the patient and physician
and records regarding the treatment of a patient. 
          However, the privileged information was sought in a case that falls squarely within
the abuse-and-neglect exceptions to these rules. Relators alleged Arriola was the resident
of a nursing home, which undisputedly falls within the definition of “institution” as defined
in section 242.002 of the health and safety code.


 Relators alleged Arriola suffered
numerous falls as a result of the real parties’ neglect. Relators also alleged Arriola
suffered abuse while a resident of the facility.
          Relators sought to obtain and use Vela’s medical records and elicit testimony from
the real parties’ employees about Vela. Relators needed this information to assist them
in proving Sunnybrook was aware of previous instances of abuse by Vela, yet took no
steps to protect Arriola from him. Not only are the proceedings about the abuse and
neglect of a nursing facility resident, but the information sought also directly pertains to the
allegations of abuse by Vela. 
2. The Real Parties’ Contentions
          The real parties contend the abuse-and-neglect exceptions do not apply here for
several reasons. We conclude their arguments lack merit.
          First, the real parties contend the abuse-and-neglect exceptions apply only to
proceedings brought by appropriate law enforcement agencies. The real parties reach this
conclusion by noting the similarity in language between these exceptions and the language
in section 242.129 of the health and safety code.


 Tex. Health & Safety Code Ann.
§ 242.129 (Vernon 2001). They contend that because section 242.129 pertains only to
investigations into allegations of abuse and neglect by the Texas Department of Human
Services or other designated agency, the abuse-and-neglect exceptions to rules 509 and
510 apply solely to investigations brought by those agencies. 
          However, the abuse-and-neglect exceptions to rules 509 and 510 contain no such
limitation. The introductory language to all the exceptions listed in rules 509 and 510 state
that the exceptions apply in administrative proceedings and civil proceedings in court. Tex.
R. Evid. 509(e), 510(d). Moreover, the abuse-and-neglect exceptions themselves state
that they apply to “any proceeding regarding the abuse or neglect, or the cause of any
abuse or neglect, of the resident of an institution.” Tex. R. Evid. 509(e)(7), 510(d)(6)
(emphasis added). The “proceeding” giving rise to the petition before us is a civil
proceeding in court. Thus, the exceptions apply here. 
          Second, the real parties contend numerous state statutes and administrative rules
protect the records and medical information from disclosure in this case.


 Several
provisions of the health and safety code and human resources code prevent a nursing
facility from releasing certain medical information pertaining to its residents. Tex. Health
& Safety Code Ann. § 241.153 (Vernon 2001) (patient’s health care information may be
released by the health care facility in only limited circumstances); Tex. Hum. Res. Code
Ann. § 102.003(j) (Vernon 2001) (prohibiting a nursing facility from releasing a resident’s
personal and clinical records); cf. Tex. Health & Safety Code Ann. § 242.501(a)(8)
(Vernon Supp. 2004) (directing Department of Human Services to adopt statement that
resident has right to have information about resident in possession of institution maintained
confidential). Title 40 of the administrative code also contains several provisions pertaining
to the confidentiality of a nursing facility resident’s personal and clinical records. 40 Tex.
Admin. Code § 19.407 (2003) (declaring nursing facility resident has right to privacy and
confidentiality of personal and clinical records and can refuse release of records to persons
outside facility), § 19.1910(d) (2003) (directing nursing facilities to keep confidential all
information contained in resident’s records), § 19.1912(h) (2003) (directing nursing facilities
to develop and maintain policies and procedures to safeguard the confidentiality of medical
record information from unauthorized access).
          In addition, the privileges enumerated in rules of evidence 509 and 510 also appear
in the statutes. Chapter 611 of the health and safety code, which pertains to mental health
records, protects from disclosure communications between a patient and a professional
and records of the identity, diagnosis, evaluation, or treatment of a patient created or
maintained by a professional. Tex. Health & Safety Code Ann. § 611.002 (Vernon 2003). 
Section 159.002 of the occupations code also protects from disclosure certain
communications between a physician and a patient and records of the identity, diagnosis,
evaluation, or treatment of a patient created or maintained by a physician. Tex. Occ. Code
Ann. § 159.002(a), (b) (Vernon 2004). 
          However, each of the confidentiality and privilege provisions cited by the real parties
contains an exception to nondisclosure where release of the information is required by law
or ordered by the court. See Tex. Health & Safety Code Ann. § 241.153(19) (allowing
disclosure of a patient’s health care information to comply with a court order),
§ 611.006(a)(11) (Vernon 2003) (allowing disclosure of confidential mental health
communications and records in judicial proceeding where the court has issued order);



Tex. Hum. Res. Code Ann. § 102.003(j)(2) (allowing release of elderly individual’s personal
and clinical records where release is required by another law); Tex. Occ. Code Ann.
§ 159.003(a)(12) (Vernon 2004) (allowing disclosure of privileged communications or
records to a court or party to an action if pursuant to a court order); 40 Tex. Admin. Code
§ 19.407(3)(B) (providing that resident’s right to refuse release of personal and clinical
records does not apply where release is required by law), § 19.1910(d)(2) (stating
exception to confidentiality of a resident’s records exists when release is required by law),
§ 19.1912(h)(2) (stating nursing facility must allow access to or release of confidential
medical information under court order).
          Here, the rules of evidence are the “law” that requires release of the information. 
See In re City of Georgetown, 53 S.W.3d 328, 332 (Tex. 2001) (orig. proceeding) (stating
that commonly understood meaning of “law” includes rules of evidence). To the extent that
the information falls within the scope of rules of evidence 509 and 510, it is subject to the
abuse-and-neglect exceptions to nondisclosure. The statutes and rules cited by the real
parties do not prevent disclosure here. Thus, instead of barring discovery on this matter,
the trial court should have granted relators' motion to compel. 
          Third, the real parties contend we resolved this issue in favor of nondisclosure in In
re Diversicare General Partner, Inc., 41 S.W.3d 788 (Tex. App.–Corpus Christi 2001, orig.
proceeding). The facts in Diversicare are similar to those presented here. In that case,
the real parties sued relators, a nursing home and other parties, for the sexual assault of
a female resident of the nursing home, which was committed by a male resident of the
same facility. Id. at 791. The real parties sought the personal and clinical records of the
male resident, and the trial court ordered production of the records. Id.
          On petition for writ of mandamus in Diversicare, we reviewed the various provisions
of the health and safety code, the human resource code, and the administrative code that
require nursing facilities to keep certain records and information about their residents
confidential. Id. at 792-93. We found that, under the statutes and administrative rules
cited and discussed by the parties, the trial court did not have authority to order the
disclosure of certain medical information about the male resident. Id. at 793. The parties,
however, did not reference the rules of evidence. Based on the parties’ arguments, we
concluded that the trial court had abused its discretion; and, on that basis, we granted relief
to prevent the court-ordered disclosure. Id. at 796. 
          Although the rules of evidence were not raised by either party in Diversicare, had
they been raised, the result most likely would have been different. To the extent our
decision in Diversicare can be read as inconsistent with our analysis in this case, we
overrule Diversicare. Accordingly, relators’ reliance on Diversicare in support of its position
in this case is misplaced. 
          In the present case, we conclude the trial court abused its discretion when it failed
to correctly apply the law to the facts before it because its orders improperly barred
discovery of information that is exempt from claims of privilege and confidentiality under
rules of evidence 509 and 510. See Walker, 827 S.W.2d at 840 (clear failure by trial court
to analyze or apply law correctly constitutes abuse of discretion). We now turn to the
question of whether an adequate remedy at law exists.
B. No Adequate Remedy at Law
          No adequate remedy at law exists where the trial court’s discovery error vitiates or
severely compromises a party’s ability to present a viable claim or defense. Walker, 827
S.W.2d at 843. Appellate remedy may be inadequate where a denial of discovery “go[es]
to the heart of a party’s case.” Id. 
          Here, the relators’ claims against the real parties in connection with the assault by
Vela are based on the real parties’ knowledge of previous assaults committed by Vela
against other residents and staff. The trial court’s orders, in effect, barred any inquiry into
the real parties’ knowledge of Vela’s prior conduct while a resident of Sunnybrook. 
          Although counsel for relators had obtained Sunnybrook’s records on Vela in another
lawsuit, the trial court “sealed” these records during the hearing that gave rise to the orders
at issue here. The court instructed relators not to show the records to anyone or ask any
witness about them. The trial court’s orders compromised relators’ ability to present their
claims. Accordingly, we find no adequate remedy at law exists. 
III. CONCLUSION
          Because we conclude the trial court abused its discretion and no adequate remedy
at law exists, we need not address relators’ remaining contentions. See Tex. R. App. P.
47.1. We note that our decision here does not allow or encourage unfettered discovery
of information about Sunnybrook residents. We urge the trial court to keep in mind the
supreme court’s caution in R.K.:
We stress that the highly personal nature of this information places a heavy
responsibility on the trial court to prevent any disclosure that is broader than
necessary .  .  .  .  Trial courts must use great care when permitting discovery
of such sensitive information  .  .  .  .

R.K., 887 S.W.2d at 844 (citations omitted). Furthermore, even when a document contains
some information to which the 509(e)(7) and 510(d)(6) exceptions apply, any information
in the document not meeting that standard remains privileged and must be redacted. In
re Whiteley, 79 S.W.3d 729, 733-34 (Tex. App.–Corpus Christi 2002, orig. proceeding).
          We conditionally grant relators’ petition for writ of mandamus. We order the trial
court to vacate the three orders limiting discovery and to grant relators’ motion to compel
discovery pertaining to Vela. Mandamus will issue only if the trial court fails to do so.
 
                                                                                                                              
                                                                                      Rogelio Valdez

Opinion delivered and filed 
this the 8th day of June, 2004.