

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-14-00029-CR

## IN RE FELMON LAKEITH LAURY

---

## Original Proceeding

---

# ORDER

---

The Court is in receipt of a letter from Relator, Felmon LaKeith Laury, dated February 27, 2014 inquiring why the petition for writ of mandamus was denied. We will consider the letter to be a motion for rehearing.

The rules regarding original proceedings in the Courts of Appeals provide, "[i]f the court determines from the petition…that the relator is not entitled to the relief sought, the court must deny the petition." TEX. R. APP. P. 52.8(a). Further, the rules provide, "[w]hen denying relief, the court may hand down an opinion but is not required to do so." *Id*. (d). This has been construed to mean that an appellate court is not required to address each issue raised in the petition but can simply deny the

petition without any explanation. *See In re City of Georgetown*, 53 S.W.3d 328, 337 (Tex. 2001) (Hecht, J., concurring).

In this proceeding, the Court chose not to hand down an opinion explaining its decision to deny the petition. Accordingly, no explanation for the denial of the petition was required and we decline to provide a full explanation of all the reasons in response to the motion for rehearing.

We will however, state that in addition to a number of procedural problems with the petition, a petition for writ of mandamus is only appropriate when another legal remedy is not, or was not, available. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) ("writs issue 'only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.'".). Therefore, the petition for writ of mandamus was not a proper avenue for the relief requested. Further, the relief generally requested is for felony post-conviction relief and is only proper as an article 11.07 writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013). This Court has no jurisdiction of such a proceeding. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.05; 11.07, § 3(a), (b) (West 2005 & Supp. 2013); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (noting that "only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings").

The motion for rehearing is denied.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Motion for rehearing denied
Order issued and filed March 27, 2014