JASON BOATRIGHT, JUSTICE, dissenting.
DISSENTING OPINION
I agree with Justice Schenck's dissent and write separately to make an additional point.
The majority says that we have considered in en banc conference whether rule 38.9 allows us to request briefing on issues that the parties do not raise. The majority concludes that rule 38.9 does not allow us to request such briefing, and it cites rule 38.9 as legal authority. However, the majority does not explain why rule 38.9 supports its conclusion. Eventually, the majority says that rule 38.9 does not apply to this case at all and that issuing an opinion expositing the rule would be inappropriate. The majority even says that such an opinion would be advisory, which, as my colleagues know, is another way of saying unconstitutional.
As a certain federal judge once wrote: Pure applesauce. The majority has not attempted to present a reason for concluding that an opinion explaining the meaning of rule 38.9 would be advisory in this en banc proceeding, which was called to answer a question about the meaning of rule 38.9. Nor has the majority tried to show how it might be possible to cite rule 38.9 as legal authority for a conclusion about rule 38.9 without interpreting rule 38.9.
Instead, the majority has tried to show that the requirements of rule 38.9 can be divined from general legal principles, rules other than rule 38.9, and judicial opinions that did not answer the question before us-just about everything except the text of rule 38.9 itself.
But the starting point of construing a legal provision must be the provision itself. In re City of Georgetown , 53 S.W.3d 328, 331 (Tex. 2001) (orig. proceeding). The Texas Supreme Court has told us to read rules of procedure the same way we read statutes. Id. at 332. We presume that the entire enactment is intended to be effective. TEX. GOV'T CODE ANN. § 311.021(2) (West 2017). The title of rule 38.9 is, "Briefing Rules to Be Construed Liberally." TEX. R. APP. P. 38.9. Therefore, we have to read the briefing rules liberally.
Does the majority agree or disagree? It does not say. The only reference the majority makes to liberal construction is in a parenthetical explanation to its citation of an El Paso Court of Appeals case, Salazar, that did not construe rule 38.9. The majority quotes the Salazar court's reference to liberal construction in support of the majority's proposition that " 'construing rule 38.9(b) to require us to identify and suggest briefing on issues not raised by an appellant would depart from our duty to be neutral and impartial.' " But the question is not whether rule 38.9(b) requires us to identify and suggest briefing; it is whether the rule allows us to request briefing on matters the parties did not brief.
Right after the title, the rule's flush language provides,
Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with this rule is sufficient, subject to [subsections (a) and (b) ].
TEX. R. APP. P. 38.9. This tells us that the parties do not have to fully comply with the requirement in rule 38.1(f) that they present all the issues to us, and the provision *331 in rule 38.1(i) that they present an adequate argument. Because the parties do not have to fully comply with the requirement that they present and argue all the issues, and because the point of briefing is to acquaint us with the issues of the case, it sure seems like the text of rule 38.9 would permit the inference that we can ask the parties to brief us on issues they initially failed to brief. I think that is the natural reading of the rules, particularly in light of the requirement that we read them permissively. The majority does not attempt to present a point or authority that would invite a different reading.
After Rule 38.9's flush language, subsection (a) discusses formal briefing defects. Then subsection (b) addresses substantive briefing defects:
(b) Substantive Defects. If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case.
TEX. R. APP. P. 38.9(b). This allows us to make any order necessary for satisfactory submission. The language in subsection (b) is extremely broad, and we are required to read it permissively. Ordering parties to brief issues they did not initially brief is, or could be, an order necessary for the satisfactory submission of the case. How could the broad wording of the rule, particularly under a permissive construction, forbid this interpretation? The majority does not say.
Instead, the en banc opinion quotes the Court of Criminal Appeals in Bailey , which held that rule 38.9 does not allow us to " 'reach out and reverse the trial court on an issue that was not raised.' " But in Bailey , the Court of Criminal Appeals reversed the court of appeals because the parties did not argue the point on which the court of appeals resolved the case. Here, we would ask the parties to argue the point we need them to argue in order to resolve the case. Those are two very different things.
So, the majority's analysis is not about the text of rule 38.9 or a case that addressed the question before us. Instead, it is about policy preferences and general legal principles.
The majority asserts that allowing a party to "brief after submission of a case to a panel is even more disruptive to the appellate process than appellants raising an issue for the first time in a reply brief." Maybe, maybe not. Either way, could a policy preference related to this observation trump the text of rule 38.9(b) ? The majority does not offer a reason to think so; it just asserts that briefing after submission is really disruptive.
The majority also quotes Salazar for the proposition that " 'an appellate court should not make the appellant's argument for him because the court would be abandoning its role as a neutral adjudicator and would become an advocate for the appellant.' " But we would not make the appellant's argument for him; we would ask the appellant to make his own argument on points we consider necessary for satisfactory submission. And surely we would not ask only the appellant to brief those points. Both sides would have exactly the same opportunity to make their own arguments. That sounds neutral to me.
But the majority posits that neutrality, here, forbids us to ask the parties to brief an issue they did not brief. In support of this notion, the majority quotes the United States Supreme Court in Nelson , observing that the " 'premise of our adversarial *332 system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them.' " This language, however, had nothing to do with whether the court could ask for briefing on additional questions; it was about whether the court should-not could , incidentally, but should -answer a question that had not been briefed. Again, we are not talking about whether we can decide a case on an unbriefed question. We are talking about whether we can ask for briefing on a question that needs to be briefed for satisfactory submission. The majority does not offer a reason to conclude that the principle of neutrality would prohibit us from requesting such briefing, and I cannot think of one.
Nor do I see how the principle of maintaining an adversarial legal system might support the majority's conclusion. The en banc opinion quotes Scalia & Garner for the proposition that the " 'words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.' " The majority says that "the adversarial system is the general context of all procedural rules, leading one not to expect a single rule to change the adversarial system in most matters that would come before the court." But the en banc opinion does not exposit either the text of rule 38.9 or the principle of our adversarial legal system, much less describe how one might affect the other. Leave that fact to one side, though, and notice that the majority uses a quote about the paramount importance of the words of a governing text to justify its failure to try to opine on the meaning of the words of a governing text.
I concede that the language of rule 38.9 is broad enough to permit interpretations that are different from mine. I also acknowledge that the rule is related to other legal authorities. But in order to opine on the relationship between rule 38.9 and other authorities, I think we have to explain what the text of rule 38.9 means. Because the en banc opinion does not try to do that, I dissent.