September 26, 2007

The Honorable Susan Combs
Comptroller of Public Accounts
Post Office Box 13528
Austin, Texas 78711-3528

Opinion No. GA-0572

Re: Whether certain information regarding public employees must be included in the Comptroller of Public Account's public database of state expenditures (RQ-0603-GA)

Dear Comptroller Combs:

With the 2007 enactment of House Bill 3430, the Eightieth Legislature mandated the creation of a public database of state expenditures. *See* Act of May 25, 2007, 80th Leg., R.S., H.B. 3430, § 1 (to be codified at TEX. GOV'T CODE ANN. § 403.024). House Bill 3430 requires the Comptroller of Public Accounts (the "Comptroller") to "establish and post on the Internet a database of state expenditures, including contracts and grants, that is electronically searchable by the public except as provided by Subsection (d) [of section 403.024]." *Id.* (to be codified at TEX. GOV'T CODE ANN. § 403.024(b)). The database is to include:

(1) the amount, date, payor, and payee of expenditures; and

(2) a listing of state expenditures by:

(A) object of expense with links to the warrant or check register level; and

(B) to the extent maintained by state agency accounting systems in a reportable format, class and item levels.

*Id.*

Through the referenced subsection (d), House Bill 3430 also places limitations on information to be included in the database. *See id.* (to be codified at TEX. GOV'T CODE ANN. § 403.024(d)). House Bill 3430 prohibits the Comptroller from "allow[ing] public access under this section to a payee's address, except that the comptroller may allow public access under this section to information identifying the county in which the payee is located." *Id.* House Bill 3430 further prohibits the Comptroller from "allow[ing] public access under this section to information that is identified by a state agency as excepted from required disclosure under Chapter 552 [of the Government Code] or as confidential." *Id.*

You indicate that you are concerned about consistency with regard to information your office makes public, and you pose the following four questions[1] regarding your responsibility to include state employee information in the database:

> (1) Are net salary amounts paid to public employees public?
>
> (2) If net salary amounts are public, should the Comptroller withhold that information if other agencies mark the information as protected, pursuant to Government Code Section 403.024(d)?
>
> (3) Is payee county address information of public [] employees [always] public?
>
> (4) If payee county address information is always public, should the Comptroller withhold that information if other agencies mark the information as protected, pursuant to Government Code Section 403.024(d)?

Request Letter, *supra* note 1, at 1.

House Bill 3430 itself does not classify information as public or private. *See generally* Act of May 25, 2007, 80th Leg., R.S., H.B. 3430, § 1 (to be codified at TEX. GOV'T CODE ANN. § 403.024(b)). Rather, it simply requires that all state expenditures be included in a public database, except for information "identified by a state agency as excepted from required disclosure under Chapter 552 or as confidential." *Id.* (to be codified at TEX. GOV'T CODE ANN. § 403.024(b), (d)).

It is chapter 552 of the Government Code, or the Public Information Act (the "PIA"), that classifies information as public and makes it available to the public. *See* TEX. GOV'T CODE ANN. ch. 552 (Vernon 2004 & Supp. 2006). Public information is defined under the PIA as "information that is collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business . . . by a governmental body." *Id.* § 552.002 (Vernon 2004). Salary information of public employees falls within the PIA's definition of public information. *See id.* § 552.002(a). And it is included in the categories of information that the PIA specifically makes public. *See id.* § 552.022(a).

Section 552.022 provides that the "name, sex, ethnicity, salary, title, and dates of employment of each employee . . . of a governmental body" are public information and "not excepted from required disclosure . . . unless . . . expressly confidential under other law." *Id.* § 552.022(a)(2). Neither the PIA nor any other Texas statute or judicial opinion defines the term "salary" under section 552.022 or indicates whether the term encompasses gross salary, net salary, or both. But the

---

[1]*See* Letter from Honorable Susan Combs, Comptroller of Public Accounts, to Honorable Greg Abbott, Attorney General of Texas, at 1 (July 18, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

PIA is to be liberally construed in favor of providing to the public "complete information about the affairs of government and the official acts of public officials and employees." *Id.* § 552.001(a)–(b). Thus, we presume that the salary information that is expressly made public under section 552.022(a)(2) encompasses both gross and net salary.

The PIA, however, expressly excepts from required disclosure information that is "confidential by law, either constitutional, statutory, or by judicial decision." *Id.* § 552.101 (confidential information); *see also, e.g., id.* §§ 552.102–.147 (Vernon 2004 & Supp. 2006) (listing specific exceptions).[2] Information that is confidential under the common law is excepted from required disclosure by the PIA. *See id.* § 552.101 (Vernon 2004); *see also In re City of Georgetown,* 53 S.W.3d 328, 336 (Tex. 2001). In *Industrial Foundation of the South v. Texas Industrial Accident Board,* the Texas Supreme Court determined that information is "deemed confidential by law if (1) the information contains highly intimate or embarrassing facts the publication of which would be highly objectionable to a reasonable person, and (2) the information is not of legitimate concern to the public." *Indus. Found. of the S. v. Tex. Indus. Accident Bd.,* 540 S.W.2d 668, 685 (Tex. 1976).

The Office of the Attorney General, in its capacity to decide whether information is excepted from required disclosure under the PIA, has determined that "all financial information relating to an individual . . . ordinarily satisfies the first requirement of common-law privacy, in that it constitutes highly intimate or embarrassing facts about the individual, such that its public disclosure would be highly objectionable to a person of ordinary sensibilities." Tex. Att'y Gen. ORD-545 (1990) at 3; Tex. Att'y Gen. ORD-523 (1989) at 3; Tex. Att'y Gen. ORD-373 (1983) at 3. But such financial information ordinarily does not satisfy the second prong of the test for common-law privacy because information involving a financial transaction between an individual and a governmental body is a matter of legitimate public interest. *See* Tex. Att'y Gen. ORD-590 (1991) at 3; Tex. Att'y Gen. ORD-523 (1989) at 3–4.

Specifically with regard to legitimate public concern over an individual's personal financial information and transactions with the government, the Office of the Attorney General distinguishes between confidential background financial information furnished to a public body about an individual and the basic facts regarding a particular financial transaction between the individual and the public body. *See* Tex. Att'y Gen. ORD-545 (1990) at 4; Tex. Att'y Gen. ORD-523 (1989) at 4. Relying on that distinction, this office has determined that a public employee's allocation of part of the employee's salary to a voluntary investment program offered by the employer is a personal investment decision protected by common-law privacy. *See* Tex. Att'y Gen. ORD-600 (1992) at 9 (concerning participation in TexFlex, a flexible reimbursement account plan). Similarly, this office has determined that common-law privacy protects, for instance, private details of an employee's enrollment in a group insurance program, the designation of the beneficiary of an employee's retirement benefits, and an employee's authorization of direct deposit of salary. *See id.* at 9–10. And because disclosure of net salary necessarily reveals information about a public employee's private

---

[2]*See also* Act of May 4, 2007, 80th Leg., R.S., ch. 114, 2007 Tex. Sess. Law Serv. 130, 130–31 (adding section 552.148 to the Government Code—an exception regarding personal information maintained by a municipality pertaining to a minor) (effective immediately).

deductions, this office has recently determined that net salary information of public employees is protected from disclosure. *See* Tex. Att'y Gen. OR2006-01938, at 5 (stating in a letter ruling that "employee net salary is private financial information because, by its revelation, the fact of a private deduction can be ascertained"). *But see* Tex. Att'y Gen. OR2007-00001, at 3 (recognizing letter rulings are limited to the particular records at issue in a request and limited to the facts as presented); Tex. Att'y Gen. OR2006-01938, at 11 (same). Under this distinction, net salary information of public employees is protected by common-law privacy if it involves confidential background financial information about an individual. Conversely, it is not protected if it involves only the basic facts regarding a particular financial transaction between the individual and the public body.

As noted previously, the Legislature expressly made the salary of public employees public but did not indicate whether the term salary meant gross salary or net salary. *See supra* at pp. 2–3; TEX. GOV'T CODE ANN. § 552.022(a)(2) (Vernon 2004); *see also* 48 Or. Op. Att'y Gen. 105 (1996) at 3 (distinguishing between gross salary and net salary in retirement benefit context). It is the gross salary—the total compensation paid by the public body to the individual—that reflects the basic fact of the financial transaction between the public body and the individual. And it is the gross salary, as the state expenditure, in which the public has a legitimate interest. Moreover, it is the state expenditure, not the identification of employees by name, that House Bill 3430 expressly makes public. Net salary, by contrast, is merely the amount that results after the deductions are determined by an individual's various personal activities and decisions. *See* THE NEW OXFORD AMERICAN DICTIONARY 1149 (2001) (defining "net" as "(of an amount, value, or price) remaining after a deduction, such as tax or a discount, has been made"). Net salary necessarily involves disclosure of information about personal financial decisions and is confidential background financial information about a given individual. In contrast to gross salary, confidential personal background financial information is not of legitimate concern to the public. We therefore conclude that net salary of public employees is protected from disclosure by common-law privacy[3] and may not be included in the state expenditure database pursuant to House Bill 3430's protection of information excepted from disclosure under chapter 552. *See* Act of May 25, 2007, 80th Leg., R.S., H.B. 3430, § 1 (to be codified at TEX. GOV'T CODE ANN. § 403.024(d)); *see also In re City of Georgetown*, 53

---

[3]The United States Constitution also protects an individual's right to keep the government from disclosing information about the individual. *See Whalen v. Roe*, 429 U.S. 589, 599 (1977); *Ramie v. City of Hedwig Village, Tex.*, 765 F.2d 490, 492 (5th Cir. 1985). Because we have concluded that common-law privacy protects net salary information from disclosure, we need not consider the question under constitutional principles. *See City of San Antonio v. Summerglen Prop. Owners Ass'n, Inc.*, 185 S.W.3d 74, 87 (Tex. App.—San Antonio 2005, pet. denied) (recognizing that courts will not rule on a constitutional question if the question can be resolved on other grounds). We recognize, however, that the privacy interest of the individual against disclosure of private financial information weighs heavily when balanced against the government's interest in openness of state expenditures, especially when the state's interest is satisfied by disclosure of gross salary. *See* Debate on Tex. H.B. 3430 on the Floor of the House, 80th Leg., R.S. (Apr. 22, 2007) (statement of Representative Mark Strama) ("This bill simply requires the government to publish all of its expenditures on the Internet . . . a one stop shop for citizens to access information about state government.") (audio tape available from House Video/Audio Services); *Hearings on Tex. H.B. 3430 Before the Senate Committee on Finance*, 80th Leg., R.S. (May 19, 2007) (statement of Senator Glenn Hegar, Jr.) ("This bill is essentially about trying to have more open government by creating a single searchable centralized database to all state expenditures that allows citizens to easily access that information by having it at one central site.") (audio tape available from Senate Staff Services Office).

S.W.3d at 336 (recognizing that section 552.101 is "other law" that makes information confidential for purposes of section 552.022). Because your second question is contingent upon a contrary conclusion, we need not address it.

We find no statute making a payee's county-of-residence information expressly public or private. County-of-residence information is likely not protected under common-law privacy principles in that it does not implicate the first prong of the *Industrial Foundation* test. Ordinarily, county-of-residence information is not information that "contains highly intimate or embarrassing facts the publication of which would be highly objectionable to a reasonable person." *Indus. Found.*, 540 S.W.2d at 685; *see also* Tex. Att'y Gen. ORD-455 (1987) at 5 (concluding that home addresses ordinarily do not qualify as a kind of "intimate aspect[] of human affairs"). Thus, we do not believe county-of-residence information of public employees is ordinarily protected under common-law privacy.

The determination that this information is generally not protected does not, however, address what information the Comptroller should exclude from the database. House Bill 3430 does not expressly require county-of-residence information of public employees to be included in the database. By its terms, section 403.024(d) is permissive, providing that the Comptroller "may" allow access to the information. *See* Act of May 25, 2007, 80th Leg., R.S., H.B. 3430, § 1 (to be codified at TEX. GOV'T CODE ANN. § 403.024(d)) (stating that "the comptroller may allow public access under this section to information identifying the county in which the payee is located"); TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005) (providing that absent a contrary indication, "'May' creates discretionary authority or grants permission or a power"). Thus, the Comptroller may, but is not required to, include in the database county-of-residence information of public employees. That being said, the Comptroller may not include in the database county-of-residence information of public employees if that information has been identified to the Comptroller by a state agency as excepted from required disclosure under chapter 552 or as confidential.

## SUMMARY

Under the Public Information Act, the gross salary of public employees is public information. In contrast to gross salary, net salary necessarily involves disclosure of personal financial decisions. Net salary is confidential background financial information protected from disclosure by common-law privacy. Although the Comptroller of Public Accounts should disclose gross salary, the Comptroller may not include net salary information of public employees in the state expenditure database pursuant to House Bill 3430.

House Bill 3430 permits, but does not require, the Comptroller to include the county-of-residence information of payees in the state expenditure database. It prohibits the Comptroller from including the information in the database if the information is identified by a state agency as excepted from required disclosure under the Public Information Act or as confidential.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee