

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00095-CV

---

KEN PAXTON, ATTORNEY GENERAL OF THE STATE OF TEXAS, Appellant

V.

CITY OF DALLAS, Appellee

---

On Appeal from the 53rd District Court
Travis County, Texas
Trial Court No. D-1-GV-11-001419

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

This case presents the narrow issue of whether the privilege for noncore work product established in Rule 192.5 of the Texas Rules of Civil Procedure makes information confidential for purposes of Section 552.022 of the Texas Public Information Act (PIA). *See* TEX. R. CIV. P. 192.5; TEX. GOV'T CODE ANN. § 552.022 (West 2012). The trial court was presented with cross-motions for summary judgment on this purely legal issue.[1] It granted the City of Dallas' (the City's) motion for summary judgment, denied the Attorney General's cross-motion for summary judgment, and concluded that noncore attorney work product is confidential and not subject to public disclosure under the PIA. We affirm the judgment of the trial court.

## I. Factual and Procedural Background

This case involves seven PIA requests that the City received from 2013 through 2017 for reports and other records relating to specified incident investigations, each conducted in response to a notice of claim for damages received by the City (Information at Issue). On receipt of each public-information request, the City sought a decision from the Attorney General authorizing it to withhold the Information at Issue under various PIA exceptions to disclosure and pursuant to the Texas Rules of Civil Procedure. In each case, the City submitted to the Attorney General's office a copy of the request, an explanation of why it believed certain exceptions applied, and representative samples of the information requested. *See* TEX. GOV'T CODE ANN. § 552.301(a)

---

[1]Originally appealed to the Third Court of Appeals in Austin, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We apply the precedent of the Third Court of Appeals to the issues in this appeal. *See* TEX. R. APP. P. 41.3.

(West 2012) (requiring recipient of request that believes exception applies to ask for decision from attorney general). In each case, the Attorney General issued an Open Records Letter Ruling (ORL) concluding that the PIA required the City to release the Information at Issue. *See* Tex. Att'y Gen. OR2014-03670, OR2014-04006, OR2014-07349, OR2016-18343, OR2017-11720, OR2017-16545, OR2017-21550.

In response to the Attorney General's ORLs, the City filed suit, seeking a declaration that it was not required to disclose the Information at Issue. *See* TEX. GOV'T CODE ANN. §§ 552.324–.325 (West 2012) (authorizing suit by governmental body seeking to withhold information). The City and the Attorney General filed cross-motions for summary judgment. The City's motion for summary judgment sought a declaration that it did not have to disclose the Information at Issue because the information was noncore or "other work product" under Rule 192.5 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 192.5. The City claimed the information was excepted from disclosure by Section 552.111 of the Texas Government Code as "[a]n interagency or intraagency memorandum or letter that would not be available by law to a party in litigation with the agency" or under Section 552.022 as "information made confidential under . . . other law." *See* TEX. GOV'T CODE ANN. § 552.111 (West 2012), § 552.022.[2]

The Attorney General's motion sought the contrary declaration that the City was required to disclose the Information at Issue because it is core public information under Section 552.022 of

---

[2]On appeal, the Attorney General argues that the Information at Issue is subject to disclosure under Sections 552.111 and 552.022. *See* TEX. GOV'T CODE ANN. §§ 552.111, 552.022. The City, however, only contends that the information is excepted from disclosure under Section 552.022 as "information made confidential under . . . other law." *See* TEX. GOV'T CODE ANN. § 552.022. Because we conclude that the Information at Issue is excepted from disclosure under Section 552.022, we do not address whether the information was likewise excepted from disclosure under Section 552.111. *See* Tex. GOV'T CODE ANN. § 552.111.

the Government Code and neither Rule 192.5(b)(2) of the Texas Rules of Civil Procedure nor Section 552.111 of the Government Code make core public information "confidential" under the PIA or other law. The trial court granted the City's motion for summary judgment, concluding, "[T]he information represented by Exhibit A is excepted from required disclosure under Texas Government Code chapter 552[,] and . . . letter rulings numbers OR2014-03670, OR2014-04006, OR2014-07349, OR2016-18343, OR2017-11720, OR2017-16545, and OR2017-21550 are reversed insofar as they conclude otherwise." The Attorney General appeals.

## II.     Applicable Law

### A.     The Texas Public Information Act

The expressed policy of the PIA is that the public have "complete information about the affairs of government and the official acts of public officials and employees," because "[t]he people insist on remaining informed so that they may retain control over the instruments they have created." TEX. GOV'T CODE ANN. § 552.001(a) (West 2012). The PIA provides for a liberal construction to effectuate this policy and a liberal construction in favor of granting a request for information. TEX. GOV'T CODE ANN. § 552.001(a), (b); *see City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000).

Public information is defined as any information which "is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business . . . by a governmental body . . . or [for] a governmental body and the governmental body . . . owns the information . . . [and] has a right of access to it. . . ." TEX. GOV'T CODE ANN.

§ 552.002(a)(1), (2)(A), (B) (West Supp. 2018).[3] "Core public information" is protected from disclosure only "if it is confidential under either the PIA or other law." *Tex. Dep't of Public Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 114 n.4 (Tex. 2011); *see* TEX. GOV'T CODE ANN. § 552.022(a).[4]

"The PIA guarantees access to public information, subject to certain exceptions," *Cox Tex. Newspapers, L.P.*, 343 S.W.3d at 114, and presumes information is subject to disclosure unless an exception applies. *Abbott v. Tex. Dep't of Mental Health & Mental Retardation*, 212 S.W.3d 648, 663 (Tex. App.—Austin 2006, no pet.). A party seeking to withhold information under the PIA

---

[3]Public information also includes "information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business . . . for a governmental body and the governmental body. . . spends or contributes public money for the purpose of writing, producing, collecting, assembling, or maintaining the information," or information "that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business . . . by an individual officer or employee of a governmental body in the officer's or employee's official capacity and the information pertains to official business of the governmental body." TEX. GOV'T CODE ANN. § 552.002(a)(2)(C), (a)(3) (West Supp. 2018).

[4]This section of the PIA provides, in pertinent part,

(a)     Without limiting the amount or kind of information that is public information under this chapter, the following categories of information are public information and not excepted from required disclosure unless made confidential under this chapter or other law:

(1)     a completed report, audit, evaluation, or investigation made of, for, or by a governmental body, except as provided by Section 552.108;

        . . . .

(b)     A court in this state may not order a governmental body or an officer for public information to withhold from public inspection any category of public information described by Subsection (a) or to not produce the category of public information for inspection or duplication, unless the category of information is confidential under this chapter or other law.

TEX. GOV'T CODE ANN. § 552.022 (a)(1), (b).

bears the burden of establishing the applicability of an exception from disclosure. *Thomas v. Cornyn*, 71 S.W.3d 473, 481 (Tex. App.—Austin 2002, no pet.).

On appeal, "we generally give due consideration to Attorney General decisions, although they are not binding, because the Legislature has directed the Attorney General to determine whether records must be disclosed under the PIA." *Austin Bulldog v. Leffingwell*, 490 S.W.3d 240, 250 (Tex. App.—Austin 2016, no pet.). And, because the Legislature requires liberal construction of the PIA in favor of granting disclosure requests, "close judgment calls are to be resolved in favor of the stated purpose of the legislation." *Leander Indep. Sch. Dist. v. Office of Attorney Gen.*, No. 03-18-00243-CV, 2018 WL 6581523, at *2 (Tex. App.—Austin Dec. 14, 2018, no pet.) (mem. op.) (quoting *Hubert v. Harte-Hanks Tex. Newspapers, Inc.*, 652 S.W.2d 546, 552 (Tex. App.—Austin 1983, writ ref'd n.r.e.)).

### B.    Standard of Review

We apply a de novo standard of review to summary judgments. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law." *City of Garland*, 22 S.W.3d at 356. "When the trial court grants one motion and denies the other, we should determine all questions presented and render the judgment that the trial court should have rendered." *Leffingwell*, 490 S.W.3d at 243 n.9 (citing *City of Garland*, 22 S.W.3d at 356). "In general, matters of statutory construction are legal questions." *City of Garland*, 22 S.W.3d at 357 (citing *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989)). "Specifically, whether information is subject to the Act and whether an exception to disclosure applies to the information

are questions of law." *Id*. (citing *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 674 (Tex. 1995)).

## III.    Analysis

### A.    The Information at Issue is Core Public Information under the PIA

Section 552.002 of the PIA defines "public information." Section 552.022 of the PIA, however, sets out eighteen categories of information that have been classified as "super-public" or "core public" information. *See Cox Tex. Newspapers, L.P.*, 343 S.W.3d at 114 n.4; *City of Carrollton v. Paxton*, 490 S.W.3d 187, 191 (Tex. App.—Austin 2016, pet. denied). Core public information includes "a completed report, audit, evaluation, or investigation made of, for, or by a governmental body." TEX. GOV'T CODE ANN. § 552.022(a)(1). Core public information is subject to disclosure unless it is "made confidential under this chapter or other law." *Id*.

The Information at Issue consists of completed reports and investigations made for or by the City. As such, the information is "core public information," which is protected from disclosure only "if it is confidential under either the PIA or other law." *See* TEX. GOV'T CODE ANN. § 552.022. The parties do not dispute the characterization of the Information at Issue as "core public information." The City, however, argues that the information is noncore work product under Rule 192.5 of the Texas Rules of Civil Procedure and, therefore, is "confidential under . . . other law." Accordingly, the questions before us are (1) whether the Information at Issue is noncore work product and, if so, (2) whether such information "is confidential under . . . other law."

7

**B. The Information at Issue is Rule 192.5 Noncore Work Product**

The City sought to except the Information at Issue from disclosure in reliance on the work product privilege. In the context of civil litigation, a party claiming privilege must make a prima facie showing that the documents or information is privileged. *See In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) (per curiam). A prima facie showing is the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* (quoting *Tex. Tech Univ. Health Scis. Ctr. v. Apodaca*, 876 S.W.2d 402, 407 (Tex. App.—El Paso 1994, writ denied)). To meet this burden, the City filed the Information at Issue under seal and submitted it to the trial court for in-camera inspection pursuant to Section 552.3221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 552.3221 (West Supp. 2018) (providing that, in suit filed under the PIA, information at issue may be filed with court for in-camera inspection as necessary for adjudication of case).[5] In concluding that the Information at Issue was excepted from disclosure under Texas "Government Code chapter 552," the trial court implicitly found that the Information at Issue was work product under Rule 192.5.

Rule 192.5 of the Texas Rules of Civil Procedure defines work product as

(1) material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; or

(2) a communication made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents.

---

[5]The Information at Issue was likewise filed under seal in this Court as Exhibit A.

8

TEX. R. CIV. P. 192.5(a)(1), (2).

The level of protection Rule 192.5 accords to work product depends on its classification as "core work product" or "other work product," sometimes referred to as noncore work product. Rule 192.5(b)(1) protects core work product—defined as "the work product of an attorney or an attorney's representative that contains the attorney's or the attorney's representative's mental impressions, opinions, conclusions, or legal theories"—from discovery. TEX. R. CIV. P. 192.5(b)(1). The Texas Supreme Court has described the level of protection accorded to core work product as, "inviolate," "flatly not discoverable," and "sacrosanct and its protection impermeable." *In re Bexar Cty. Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 187–88 (Tex. 2007) (orig. proceeding). In contrast, noncore work product is "[a]ny other work product" that is not core work product. TEX. R. CIV. P. 192.5(b)(2); *see In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 804 (Tex. 2017) (orig. proceeding). Noncore work product is privileged from discovery except "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means." TEX. R. CIV. P. 192.5(b)(1), (2).

The City filed the affidavit of Brent C. Cox in support of its motion for summary judgment. Cox testified that he is the custodian of records of the Risk Management Division of the City of Dallas. In that capacity, Cox received a notice of claim in connection with each of the seven incidents. Cox testified,

> Exhibit A consists of a representative sample of claim files concerning the incidents involved in the attached Exhibits 1 through 7. These files include the City's investigation and evaluation of claims filed against the City. The information in Exhibit A relates to whether the City is liable for the claims for damages and was

9

prepared by the City's employees and agents after the City received the notices of claim in Exhibits 1 through 7.

Cox identified the City's employees and agents who prepared the information in Exhibit A and testified that he reviewed the information in Exhibit A—which includes the City's investigation and evaluation of the notices of claim—as well as the definition of work product in Rule 192.5 of the Texas Rules of Civil Procedure.[6] Based on his review of that definition, and

---

[6]Cox attached seven exhibits to his affidavit, consisting of the following notices of claim:

- **Exhibit 1**: Letter from attorney Victoria Neave on behalf of her client, Edgar Roel Espinoza. The letter references "*Edgar Roel Espinoza v. City of Dallas*" and states that she has been retained to represent Espinoza "with respect to significant damages he sustained as a result of the negligence of the City of Dallas on or about June 18, 2013."
- **Exhibit 2**: "Notice of Claim Against The City of Dallas" filed by Espinoza in connection with Exhibit 1. The notice of claim states that, "due to the City's negligence, a water pipe which was owned, operated, and/or under the control of the City broke releasing a large flood of waste water which inundated Mr. Espinoza's property causing hundreds of thousands of dollars in property damage and causing Mr. Espinoza significant mental anguish." Exhibit 2 also includes a "Notice of Claim Against The City of Dallas" by Nora Maxwell Hubalh, which claimed that the City did not connect the sewer line from the home to the main sewer line, causing a sewer back up in her new construction home. Hubalh provided an extensive, itemized statement of cost to repair the damage in the amount of $165,316.12.
- **Exhibit 3**: Letter from attorney W. Coleman Sylvan to the City on behalf of Frances Loudine Wayne. The letter advised the City that he had been retained to represent Wayne "in connection with her claims and causes of action arising from an incident that occurred at Lee Park . . . on November 19, 2013." The attorney asks the City to contact him to discuss the claim. Exhibit 3 also includes a "Notice of Claim Against The City of Dallas" on behalf of Wayne, stating the estimated amount of the claim was $200,000–$250,000. The Notice stated that Wayne "is making a liability claim against the City of Dallas . . . due to a fall caused by the protrusion of re-bar in the walkway just outside Arlington Hall at Lee Park . . ." The Notice further stated that "this condition constituted an unreasonably dangerous condition and that the City of Dallas . . . knew or should have known of this condition" and that, as a result, Wayne required surgery and was hospitalized four days, for which she claimed recovery for medical expenses, loss of income, pain and suffering, and physical impairment.
- **Exhibit 4**: "Notice of Claim Against the City of Dallas" by attorney Damon Mathias on behalf of James Pierantozzi, as next friend of Paige Pierantozzi, a minor. The claim states that Paige slipped and fell on a spilled drink and suffered serious injuries, for which she continued to undergo treatment. The letter cautioned the City to preserve evidence relating to this incident.
- **Exhibit 5**: "Notice of Claim Against the City of Dallas" by Jay K. Kreps stating that street repairs by the City resulted in a large split and level change in his concrete driveway. Kreps estimated that his claim against the City was $2,300.00 to $2,800.00.
- **Exhibit 6**: "Notice of Claim Against the City of Dallas" by Steven Leslie Bayes stating that street repairs by the City resulted in serious cracking of his driveway. Bayes estimated that his claim against the City was $10,000.00.

10

information in Exhibit A, Cox testified that "all the information in Exhibit A constitutes material prepared or mental impressions developed in anticipation of litigation or for trial by or for the City or its representatives, or communications in anticipation of litigation or for trial between the City and its representatives or among its representatives."

### (1)    Anticipation of Litigation:   Objective Prong

As noted, to qualify as work product, the Information at Issue must have been made or prepared in anticipation of litigation. *See* TEX. R. CIV. P. 192.5(a)(1), (2).  A document is prepared in anticipation of litigation when it meets both the objective and subjective prongs of the following two-part test established by the Texas Supreme Court:

> a)    a reasonable person would have concluded from the totality of the circumstances surrounding the investigation that there was a substantial chance that litigation would ensue; and b) the party resisting discovery believed in good faith that there was a substantial chance that litigation would ensue and conducted the investigation for the purpose of preparing for such litigation.

*Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 195 (Tex. 1993); *see Leander*, 2018 WL 6581523, at *5.  "Substantial chance of litigation" is not a "particular statistical probability that litigation will occur; rather, it simply means that litigation is 'more than merely an abstract possibility or unwarranted fear.'" *Nat'l Tank*, 851 S.W.2d at 204 (majority opinion quoting Justice Hecht's dissent, 851 S.W.2d at 215).  "If a reasonable person would conclude from the severity of the accident and the other circumstances surrounding it that there was a substantial chance that litigation would ensue, then the objective prong" is satisfied. *Id*.

---

- **Exhibit 7**: "Notice of Claim Against the City of Dallas" by Daniel Christopher Johnson stating that as his car was parked at a curb, it was sideswiped by a city trash truck and that the driver rounded the corner and drove away.  Johnson stated that he needed to get a repair estimate from a body shop.

11

Each of the notices of claim in question constitute statutory notices required by the Texas Tort Claims Act.[7] As such, they placed the City on notice of the respective claims against it. Accordingly, the notices of claim against the City and attorney correspondence to the City, together with Cox's affidavit stating that "[t]he information in Exhibit A relates to whether the City is liable for the claims for damages and was prepared by the City's employees and agents after the City received the notices of claim in Exhibits 1 through 7," satisfy the objective prong of *National Tank.* "It is not necessary that litigation be threatened or imminent, as long as the prospect of litigation is identifiable because of claims that have already arisen." *Id.* at 205.

### (2) Anticipation of Litigation: Subjective Prong

"The subjective prong is properly satisfied if the party invoking the privilege believes in good faith that there is a substantial chance that litigation will ensue." *Id.* at 204. This requires "that the investigation actually be conducted for the purpose of preparing for litigation." *Id.* In this regard, "the circumstances must indicate that the investigation was in fact conducted to prepare for potential litigation." *Id.* at 206.

We have conducted our own in-camera inspection of the sealed records contained in Exhibit A. The sealed records include documents and communications by and between the City,

---

[7]Section 101.101(a) of the Texas Civil Practice and Remedies Code provides, "A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (West 2019). The notice "must reasonably describe" the "damage or injury claimed . . . the time and place of the incident . . . and the incident." *Id.* "The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial." *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *see Tex. Dep't of Criminal Justice v. Simmons*, 140 S.W.3d 338, 347 (Tex. 2004).

its agents, adjusters, damage claims coordinators, office of risk management personnel, and City program managers which reflect the City's efforts to determine its liability for the respective claims. The sealed records also include information regarding reserves set on various claims based on the City's investigation and damage assessments. The sealed records—taken together with Cox' affidavit—suggest that the City has shown that its investigations were conducted for the purpose of preparing for potential litigation. Based on our review of the sealed records and the summary judgment evidence, we conclude that the Information at Issue was made or prepared by agents and employees of the City in anticipation of litigation against the City. It is, therefore, properly classified as noncore work product. *See* TEX. R. CIV. P. 192.5(a)(2).[8]

## C. *In re City of Georgetown* Excepts the Information at Issue from PIA Disclosure

We next turn to the issue at the heart of this case—whether noncore work product is confidential for purposes of Section 552.022 of the PIA, thus excepting it from disclosure. Both parties rely on the Texas Supreme Court's opinion in *In re City of Georgetown*, 53 S.W.3d 328 (Tex. 2001) (orig. proceeding), in support of their respective positions.

In that case, the City of Georgetown retained an engineer as a consulting expert to prepare a written assessment of certain parts of one of its wastewater treatment plants in connection with pending litigation involving the plant. *Id*. at 329. During the pendency of the litigation, the *Austin American Statesman* requested the release of evaluations of Georgetown's city manager, Bob Hart. *Id*. Hart, however, had attached the consulting expert's report to a self-evaluation of his job

---

[8]The Attorney General does not dispute that the Information at Issue is noncore work product.

13

performance. *Id.* Therefore, production of his evaluation necessarily required production of the consulting expert's report. The City believed the report was confidential and not subject to disclosure and sought an Attorney General opinion stating that it was not required to produce the report. *Id.* However, the Attorney General opined that the report was discoverable. *Id.* at 330.

Georgetown then filed suit against the Attorney General seeking a declaratory judgment that it was not required to disclose the report. *Id.* The trial court agreed with the Attorney General and ordered the City to produce the report. *Id.* The City petitioned the Austin Court of Appeals for a writ of mandamus to prohibit the report's production, but the court of appeals denied the City's petition for writ of mandamus. *Id.* The City then sought relief in the Texas Supreme Court. In its petition before the Supreme Court, the City argued that the PIA did not mandate disclosure of the report because Rules 192.3(e) and 192.5 of the Texas Rules of Civil Procedure[9] are "other law" within the meaning of Section 552.022(a)(1) of the Texas Government Code that render the report confidential. *See* TEX. GOV'T CODE ANN. § 552.022(a).

The Supreme Court recognized that the term "other law" as used in Section 552.022 is not limited to statutes, but also includes "judicial decisions and rules promulgated by the judiciary, such as rules of procedure and evidence." *City of Georgetown*, 53 S.W.3d at 332. It further recognized that "[t]he work-product and attorney-client privileges have been an integral part of

---

[9]Rule 192.3(e) provides, in pertinent part, "The identity, mental impressions, and opinions of a consulting expert whose mental impressions and opinions have not been reviewed by a testifying expert are not discoverable." TEX. R. CIV. P. 192.3(e).

14

our law" and concluded, "The Legislature was fully cognizant of this longstanding law and the procedural and evidentiary rules embodying it when it used the broad term 'other law.'" *Id.* at 332–33. Accordingly, the Supreme Court declined to construe the phrase "other law" narrowly to exclude the rules of procedure and evidence. Rather, the Supreme Court stated that "[t]he ability of governmental entities to pursue and defend claims would . . . be significantly impaired" because work product and matters subject to the attorney-client privilege "would have to be disclosed by governmental entities if that information is contained in 'a completed report, . . . evaluation, or investigation." *Id.* at 333 (quoting TEX. GOV'T CODE ANN. § 552.022(a)). It also held that disclosure of such information would result in a "severe disadvantage" to governmental bodies, which would be required to disclose "written legal advice and strategy . . . to opposing parties upon request." *Id.*

The Supreme Court also held, "The rules of procedure make it abundantly clear that information about consulting experts is confidential." *Id.* at 334. Consequently, the Supreme Court granted mandamus relief from requiring the City of Georgetown to produce the consulting expert's report. *Id.* at 336–37. While the Supreme Court based its ruling on the consulting-expert privilege as expressed in Rule 192.3(e), it did not confine its ruling to that consulting-expert privilege. Instead, the Court held that "if documents are privileged or confidential under the Texas Rules of Civil Procedure or the Texas Rules of Evidence, they are within a 'category of information [that] is expressly made confidential under other law' within the meaning of Section 552.022 of the Public Information Act." *Id.* at 337.

15

The Attorney General contends that *City of Georgetown* does not apply here because it concerned a consulting expert's report and did not contemplate noncore work product. The Attorney General first notes that in *City of Georgetown*, the Supreme Court recognized the absolute confidentiality of consulting expert reports. The Supreme Court stated,

> The rules of civil procedure delineate a category for consulting experts whose mental impressions and opinions have not been reviewed by a testifying expert. TEX. R. CIV. P. 192.3(e). The rules expressly provide that a party is not required to disclose the identity, mental impressions, and opinions of consulting experts. *Id*. A law does not have to use the word "confidential" to expressly impose confidentiality. The rules of procedure make it abundantly clear that information about consulting experts is confidential. *Id*.

*Id*. at 334. The Attorney General then points to the Supreme Court's holding: "The rules expressly provide *that certain types of work product* do not have to be disclosed, which means they are confidential." *Id*. (emphasis added). Based on the italicized language in this quotation, the Attorney General asserts that, by holding that certain types of work product do not have to be disclosed, the Supreme Court implicitly held that other types *must* be disclosed. Those types of work product which must be disclosed, according to the Attorney General, are items properly classified as noncore work product—such as the Information at Issue.

The Attorney General also notes that noncore work product is, according to the Rule, subject to disclosure "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means." TEX. R. CIV. P. 192.5(b)(2). In contrast, "the work product of an attorney or an attorney's representative that contains the attorney's or the attorney's representative's mental impressions, opinions, conclusions, or legal

16

theories . . . is not discoverable." TEX. R. CIV. P. 192.5(b)(1). Thus, the Attorney General argues,

because the protection of core work product is absolute and the protection of noncore work product

is not absolute—but is, instead, qualified—this category of work product is subject to disclosure

under the PIA. The Attorney General maintains that "the very fact that the protection is not

'impermeable' should necessitate a contrary finding here, and that we should decline to extend

*Georgetown* to reach this information," because "to find otherwise would disregard the Supreme

Court's qualifying language that 'only certain types of work product' are confidential under rule

192.5."

We disagree with this reasoning. We look to the language of *City of Georgetown*, which

is controlling on this issue.[10] The Supreme Court recognized that the Texas Rules of Civil

Procedure "have the same force and effect as statutes." *City of Georgetown*, 53 S.W.3d at 332

(quoting *Missouri Pac. R.R. v. Cross*, 501 S.W.2d 868, 872 (Tex. 1973)).[11] It further noted that

the work-product privilege has been a longstanding and "integral part of our law" of which the

"Legislature was fully cognizant" when it "used the broad term 'other law'" in Section 552.022 of

the PIA. *Id.* In fully embracing a broad reading of the term "other law," the Supreme Court

recognized that, without the protections offered by the work-product and attorney-client privileges,

> [t]he ability of governmental entities to pursue and defend claims would also be
> significantly impaired. All governmental bodies would be required to conduct

---

[10]The parties have not cited any cases which have addressed the precise issue of whether noncore work product is protected from PIA disclosure under *City of Georgetown*, and we find none.

[11]The Supreme Court noted that, before the court was granted rule-making power by the Legislature in 1939, the law of civil procedure and evidence were contained in statutes. *City of Georgetown*, 53 S.W.3d at 332. "The law of civil procedure . . . did not become any less 'law' simply because it moved from legislated statutes to judicially promulgated rules." *Id.*

17

litigation at a severe disadvantage since written legal advice and strategy would have to be disclosed to opposing parties upon request. Governmental entities would also be required to disclose to their opponents written evaluations of settlement strategies, which would impair a governmental entity's ability to negotiate the lowest possible settlement. Taxpayers would bear the increased costs.

*Id*. at 333.

The Supreme Court also concluded that the Legislature did not intend "to effectuate such a sweeping waiver of the work-product and attorney-client privileges" based on the words "unless the category of information is expressly made confidential under other law." *Id*. (quoting TEX. GOV'T CODE ANN. § 552.022(b)). It further noted that "the rules do not have to use the word 'confidential' to make information confidential." *Id*. at 334. And it held that, because the "rules expressly provide that certain types of work product do not have to be disclosed[,] . . . they are confidential." *Id*. It concluded that, "if documents are privileged or confidential under the Texas Rules of Civil Procedure or Texas Rules of Evidence, they are within a 'category of information [that] is expressly made confidential under other law' within the meaning of Section 552.022 of the Public Information Act." *Id*. at 337.

It is true that the Supreme Court did not specifically identify what types of work product must be disclosed when it recognized that "certain types of work product do not have to be disclosed." *Id*. at 334. However, given *City of Georgetown*'s broad reading of the phrase "other law," recognition of the work-product doctrine's longstanding and integral place in our law, and the policy implications which informed its decision, we cannot conclude that the Court intended to carve out noncore work product from the ambit of its ruling. Indeed, noncore work product is protected from disclosure, except in certain narrow circumstances which involve a showing of

18

undue hardship and substantial need—among other things—by a party in a civil lawsuit. *See* TEX. R. CIV. P. 192.5(b)(2). The PIA makes no provision for the assertion of this narrow exception.[12]

## IV. Conclusion

The Information at Issue is noncore work product. As such, it is privileged under Rule 192.5(a)(2) of the Texas Rules of Civil Procedure. The Texas Rules of Civil Procedure are "other law" as that term is used in Section 552.022 of the PIA. *City of Georgetown* mandates protection of noncore work product under Section 552.022 of the PIA. *See* TEX. GOV'T CODE ANN. § 522.022. Consequently, the trial court correctly determined that the Information at Issue was not subject to disclosure.

---

[12]On the other hand, Rule 192.5(c) expressly provides that certain types of work product must be disclosed:

> (c) *Exceptions*. Even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:
>
> (1) information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;
> (2) trial exhibits ordered disclosed under Rule 166 or Rule 190.4;
> (3) the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;
> (4) any photograph or electronic image of underlying facts (e.g., a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence.
> (5) any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

TEX. R. CIV. P. 192.5(c). Accordingly, to the extent the Supreme Court implied in *City of Georgetown* that certain types of work product must be produced, it is more likely that the Supreme Court only meant that those categories of information listed in Rule 195.2(c) must be produced. The Attorney General does not contend that the Information at Issue falls within Rule 192.5(c)'s list of exceptions.

We affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:     April 10, 2019
Date Decided:       May 15, 2019