# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00129-CV

---

### Qatar Foundation for Education, Science and Community Development and Ken Paxton, Texas Attorney General, Appellants

### v.

### Zachor Legal Institute, Appellee

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-006240, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

---

### O P I N I O N

This is an appeal from the district court's order sustaining Zachor Legal Institute's plea to the jurisdiction in Qatar Foundation's suit under the Texas Public Information Act (TPIA). Qatar Foundation filed suit against the Attorney General to prevent the disclosure of information in response to a request for public information that Zachor Legal Institute had submitted to Texas A&M University. Based on our conclusion that the TPIA waives sovereign immunity for Qatar Foundation's suit, we reverse the district court's order and remand the case for further proceedings.

### BACKGROUND

Qatar Foundation is a private, non-profit organization headquartered in Doha, Qatar. Its self-described mission is "to lead human, social, and economic development in Qatar

through investment in education, science, and research." As part of that mission, Qatar Foundation partners with universities around the world, including Texas A&M, to open and operate branch campuses at its "Education City" in Qatar.

In May 2018, Zachor Legal Institute submitted a request for public information to Texas A&M for a "summary of all amounts of funding or donations received by or on behalf of [Texas A&M] from the government of Qatar and/or agencies or subdivision of the government of Qatar between January 1, 2013 and May 22, 2018."[1] *See* Tex. Gov't Code § 552.021 (requiring that public information be made available to public). Texas A&M, which did not notify Qatar Foundation about the request, asked the Attorney General for a decision about whether it had to release information that "identifies donors to the university." *See id.* §§ 552.1235(a) (excepting from disclosure information disclosing the identity of person, other than governmental body, making a gift, grant, or donation of money to institution of higher learning), .301 (directing governmental body seeking to withhold information to request Attorney General opinion), .305(d) (directing governmental body to make good-faith effort to notify third party of request involving privacy or property interests). The Attorney General's subsequent letter ruling, issued in August 2018, concluded that Texas A&M "must withhold the donors' identifying information" under section 552.1235 but directed it to "release the remaining information," which included information related to contractual payments Qatar Foundation had made to Texas A&M. *See* Tex. Att'y Gen. OR2018-20240. Texas A&M did not challenge the letter ruling.

---

[1] The request characterized Qatar Foundation as an agency or subdivision of the Qatari government. Qatar Foundation disputes this characterization.

2

Qatar Foundation, which maintains that it was not aware of Zachor Legal Institute's request until two months after the Attorney General's letter ruling issued, filed the underlying suit for declaratory judgment against the Attorney General in October 2018. In its suit, Qatar Foundation asserted and sought declarations that information responsive to the request is protected from disclosure under the TPIA because the information constitutes trade secrets and confidential commercial or financial information and because it reveals the amount of the grant or donation and the identity of the donor. *See id.* §§ 552.110(a)–(b) (excepting trade secrets and certain commercial and financial information from disclosure), .1235(a). Qatar Foundation relied on section 552.325 as the asserted basis for jurisdiction over its suit. *See id.* § 552.325(a) ("A governmental body, officer for public information, or other person or entity that files a suit seeking to withhold information from a requestor may not file suit against the person requesting the information."); *Boeing Co. v. Paxton*, 466 S.W.3d 831, 833, 839 (Tex. 2015) (recognizing that section 552.325 provides judicial remedy to third party seeking to withhold requested information). Zachor Legal Institute intervened in the suit. *See* Tex. Gov't Code § 552.325(a).

Soon after Qatar Foundation filed its suit, Zachor Legal Institute submitted a second TPIA request, this time asking for "[a]ll correspondence and communications between [Texas A&M] and third parties relating to [the first request for information]" and "[a]ll communications relating to [Texas A&M] funding, programs and activities between [Texas A&M] and the parties listed in [the first request for information] between 2013 and the current date." Texas A&M notified Qatar Foundation and asked the Attorney General for an opinion about whether the requested information is excepted from disclosure under TPIA sections 552.104, 552.110, and 552.1235. *See id.* §§ 552.104 (excepting from disclosure information

3

related to competition or bidding), .110, .1235. Qatar Foundation sent the Attorney General a detailed letter explaining why its negotiations and agreements with partner universities, including Texas A&M, and information regarding the amounts and types of funding are exempt from disclosure under sections 552.104, 552.110, and 552.1235. *See id.* § 552.305(b) (allowing person whose privacy or property interests are involved in TPIA request to submit to Attorney General reasons why the information should be withheld or released).

In a second letter ruling, the Attorney General concluded that Qatar Foundation had established that release of the requested information "would give an advantage to a competitor or bidder," *see id.* § 552.104(a), and directed Texas A&M to withhold the information. *See* Tex. Att'y Gen. OR2019-01288. The Attorney General also noted that because some of the information responsive to Zachor Legal Institute's request may be affected by his first letter ruling, he would defer to the trial court to make its own independent determination regarding disclosure: "[The Attorney General] will allow the trial court to resolve the issue of whether the information that is the subject of the pending litigation must be released to the public." *Id.*

Zachor Legal Institute filed a plea to the jurisdiction in the underlying case, arguing that the district court lacks jurisdiction over Qatar Foundation's suit because "[n]o provision of the TPIA authorizes a third party that asserts privacy or property interests to file a lawsuit to challenge a decision of the Attorney General." Both Qatar Foundation and the Attorney General filed briefs opposing Zachor Legal Institute's jurisdictional argument, but the district court sustained Zachor Legal Institute's plea to the jurisdiction and dismissed Qatar Foundation's case. Qatar Foundation appeals.

4

## ANALYSIS

In a single issue, Qatar Foundation asserts, and the Attorney General agrees, that the district court erred in sustaining Zachor Legal Institute's plea to the jurisdiction because the district court has jurisdiction over an action brought against the Attorney General by a third party who seeks to withhold protected information from disclosure under the TPIA. Zachor Legal Institute contends that the district court did not err because the TPIA does not waive sovereign immunity for Qatar Foundation's suit against the Attorney General. Based on the text of the TPIA and Texas Supreme Court precedent, we agree with Qatar Foundation and the Attorney General that the district court has jurisdiction over Qatar Foundation's suit, and thus erred in sustaining Zachor Legal Institute's plea to the jurisdiction.

Sovereign immunity protects the State of Texas and its agencies from suit and liability. *Texas Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011). The Legislature may waive immunity by statute, but it must do so by clear and unambiguous language. Tex. Gov't Code § 311.034; *Hillman v. Nueces County*, 579 S.W.3d 354, 360 (Tex. 2019) ("To waive governmental immunity, a statute must use 'clear and unambiguous language' expressing that intent." (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 328–29 (Tex. 2006))). Whether the TPIA waives sovereign immunity is a matter of statutory construction, which is a question of law that we review de novo. *See Texas W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012). Procedurally, the assertion of sovereign immunity implicates the trial court's jurisdiction and is properly asserted in a plea to the jurisdiction. *Houston Belt & Terminal Ry. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016); *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 91 (Tex. 2012). Where, as here, the material jurisdictional facts are undisputed and the analysis of the jurisdictional plea turns on an issue of statutory construction, the trial

5

court rules on the plea to the jurisdiction as a matter of law. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004). We review a trial court's ruling on a plea to the jurisdiction de novo. *Id.* at 228.

The TPIA "guarantees access to public information, subject to certain exceptions." *Texas Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 114 (Tex. 2011). Public information includes information that is collected, assembled, or maintained by or for a governmental body. Tex. Gov't Code § 552.002(a). Such information is available by request unless an exception applies. *In re City of Georgetown*, 53 S.W.3d 328, 331 (Tex. 2001) (orig. proceeding).

A request for public information typically involves two parties, the governmental body holding the information and the person requesting it. The governmental body must promptly ask the Attorney General for a ruling if it seeks to withhold the information. *Boeing*, 466 S.W.3d at 833 (citing Tex. Gov't Code § 522.301). Because the government gathers information from people and companies doing business in Texas, some requests may also implicate privacy or property interests of third parties. *Id.* When a request involves this type of information, the Texas Supreme Court has explained that the TPIA "permits the third party to raise the issue and any applicable exception to the information's disclosure with the Attorney General, *or in district court*, or both." *Id.* (emphasis added) (citing Tex. Gov't Code §§ 552.305(b), .325). Qatar Foundation, alleging that the request at issue here involves information that implicated its privacy and property interests, filed this suit against the Attorney General under section 552.325. Zachor Legal Institute contends that the TPIA does not clearly and unambiguously waive sovereign immunity for Qatar Foundation's suit, and thus the district court lacks jurisdiction. *See Miranda*, 133 S.W.3d at 224 ("In Texas, sovereign immunity

6

deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit.").

When deciding whether a statute clearly and unambiguously waives sovereign immunity, we:

(1)     consider "whether the statutory provisions, even if not a model of clarity, waive immunity without doubt;"

(2)     resolve any "ambiguity as to waiver . . . in favor of retaining immunity;"

(3)     generally find waiver "if the Legislature requires that the [governmental] entity be joined in a lawsuit even though the entity would otherwise be immune from suit;"

(4)     consider whether the legislature "provided an objective limitation on the governmental entity's potential liability"; and

(5)     consider "whether the statutory provisions would serve any purpose absent a waiver of immunity."

*Hillman*, 579 S.W.3d at 360 (citing *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 844 (Tex. 2009)). Although section 552.325 is no model of clarity, it waives immunity for Qatar Foundation's suit by recognizing, as the supreme court explained in *Boeing*, that a party other than a governmental body may file a suit seeking to withhold information requested under the TPIA:

**552.325       Parties to Suit Seeking to Withhold Information**

(a)     A governmental body, officer for public information, *or other person or entity that files a suit seeking to withhold information from a requestor* may not file suit against the person requesting the information. The requestor is entitled to intervene in the suit.

(b)     The governmental body, officer for public information, *or other person or entity that files the suit* shall demonstrate to the court that the

7

governmental body, officer for public information, or other person or entity made a timely good faith effort to inform the requestor . . . . of:
    (1)    the existence of the suit, including the subject matter and . . . ;
    (2)    the requestor's right to intervene in the suit or to choose to not participate in the suit;
    (3)    the fact that the suit is against the attorney general in Travis County district court; and
    (4)    the address and phone number of the office of the attorney general.

Tex. Gov't Code § 552.325 (emphases added); *see also Boeing*, 466 S.W.3d at 838 (concluding "Legislature intended private parties . . .  to have . . . the right to protect their interest in the information protected by section 552.104 through the judicial remedy provided by section 552.325" (citations omitted)).  Further, the fact that the provision requires that a suit seeking to withhold information be filed against the Attorney General makes clear that the Legislature intended to waive immunity for such suits.  *See Hillman*, 579 S.W.3d at 360 (noting that courts generally find waiver if the Legislature requires that governmental entity be joined in a lawsuit even though it would otherwise be immune); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697–698 (Tex. 2003) ("[I]f the Legislature requires that the State be joined in a lawsuit for which immunity would otherwise attach, the Legislature has intentionally waived the State's sovereign immunity.").  Also, because the remedy for a suit under this provision is a declaration that the requested information is not subject to disclosure and because the TPIA does not authorize attorney fees for this type of suit, there is an objective limitation on the governmental entity's potential liability.  *See* Tex. Gov't Code § 552.323 (authorizing attorney fees for two types of suits under the TPIA, but not for suit under section 552.325); *Hillman*, 579 S.W.3d at 360 (in deciding whether immunity has been waived, court must consider whether legislature "provided an objective limitation on government's potential liability").  Finally, if section 552.325 does not waive immunity for third-party suits seeking to withhold information, the

8

language referencing "other person or entity" filing a suit would serve no purpose. *See Hillman*, 579 S.W.3d at 360 (in determining waiver, courts must "consider whether the statutory provisions would serve any purpose absent a waiver of immunity"); *see also Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 134 (Tex. 2019) ("Every word in a statute is presumed to have a purpose and should be given effect if reasonable and possible.").

Zachor Legal Institute concedes that section 552.325 waives sovereign immunity but insists that it does so only for suits brought by a governmental body, not by a third party. In support of this argument, Zachor Legal Institute contends that section 552.325 merely describes how the waiver of immunity in section 552.324 is to be exercised. Section 552.324, titled "Suit by Governmental Body," specifies that a suit by a governmental body seeking to withhold information may only seek declaratory relief from compliance with an Attorney General opinion, that it must be filed against the Attorney General in Travis County district court within thirty days of the Attorney General's decision, and that if the governmental body does not file such a suit, it must comply with the Attorney General's decision. *See* Tex. Gov't Code § 552.324. Section 552.325, on the other hand, recognizes that persons or entities other than a governmental body may file a suit seeking to withhold information from a requestor, prohibits filing such a suit against a requestor, directs that these suits be filed against the Attorney General, and describes how requestors are to be notified and treated in these types of suits. *See id.* § 552.325. In sum, although the two provisions might overlap, section 552.324 addresses only suits by governmental bodies seeking to withhold information, while section 552.325 addresses all suits seeking to withhold information from a requestor and, most important here, recognizes that parties other than a governmental body may file such suits. For that reason, we would impermissibly have to decide that section 552.325's reference to "other person or entity" has no purpose if we were to

9

accept Zachor Legal Institute's interpretation. *See Creative Oil & Gas*, 591 S.W.3d at 134 ("Every word in a statute is presumed to have a purpose and should be given effect if reasonable and possible."). We would also have to ignore the Texas Supreme Court's conclusion that section 552.325 authorizes third-party suits seeking to withhold protected information. *Boeing*, 466 S.W.3d at 833, 838.[2]

Zachor Legal Institute argues that the only available relief for a third party seeking to withhold protected information from a requestor is to submit comments to the Attorney General in response to a governmental body's request for an Attorney General opinion, *see* Tex. Gov't Code § 552.305(b) (allowing person whose interests may be involved, to submit to Attorney General "reasons why the information should be withheld or released"), or to file suit for declaratory or injunctive relief against the governmental body under section 552.3215, *see id.* § 552.3215 (allowing victim of TPIA violation to complain to appropriate district or county attorney or to Attorney General and authorizing district or county attorney or Attorney General to file suit against governmental body in response to complaint). Nothing in the text of the TPIA, however, suggests that these are the exclusive remedies for such parties and, as discussed above, the Texas Supreme Court has explained to the contrary that the TPIA allows third parties to raise privacy and property issues "with the Attorney General, or in district court, or both."

---

[2] Zachor Legal Institute maintains that the Texas Supreme Court's statements regarding section 552.325 and third-party rights in *Boeing* are dicta, and thus do not control our analysis here, because jurisdiction was not an issue in that case. We disagree that the statements are dicta. In holding that Boeing could invoke section 552.104's exception, the supreme court explicitly relied on Boeing's being able to protect its privacy and property interests through the "judicial remedy provided in section 552.325." *Boeing Co. v. Paxton*, 466 S.W.3d 831, 839 (Tex. 2015). We cannot disregard as dicta the supreme court's discussion of an issue that supports its ultimate conclusion. *See Texas Farm Bureau Mut. Ins. v. Sturrock*, 146 S.W.3d 123, 127–28 (Tex. 2004) (holding that its discussion of an issue that supports ultimate conclusion is not dicta).

*Boeing*, 466 S.W.3d at 833 (citing Tex. Gov't Code §§ 552.305(b), .325). We also note that section 552.3215 does not offer a meaningful remedy to a party seeking to withhold information because it addresses a "victim of a violation of [the TPIA]" by a governmental body. *See id.* § 552.3215. A party seeking to withhold protected information is not yet, and may never be, a victim of a TPIA violation involving the release of that information. Only when the governmental body improperly releases the information would a party seeking to withhold information potentially fall under section 552.3215, but at that point the damage would have been done.

In conflict with its argument that the TPIA waives sovereign immunity only for suits by a governmental body, Zachor Legal Institute also suggests that Qatar Foundation could have overcome the sovereign-immunity barrier by including Texas A&M in its suit. But section 552.325's only party-specific requirements are that the suit be brought against the Attorney General and that the requestor may not be named as a party. *See* Tex. Gov't Code § 552.325. Nor is there any requirement that the governmental body be named party to the suit because the core issue in such a suit, and thus the subject of any resulting judgment, is whether the requested information can be withheld. *See id.*; *see also id.* §§ 552.104 (exempting from disclosure information that provides advantage to competitor or bidder), .110 (exempting from disclosure trade secrets and confidential or financial information). "[W]hether information is subject to the [TPIA] and whether an exception to disclosure applies to the information are questions of law." *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000).

In a final argument, Zachor Legal Institute contends that the district court lacks subject-matter jurisdiction over Qatar Foundation's suit because Texas A&M, as the governmental body holding the requested information, is an indispensable party to the suit, and

11

as a result, the district court could not give adequate relief without Texas A&M's joinder. *See* Tex. R. Civ. P. 39(a) (governing joinder of persons needed for just adjudication). The trial court cannot give complete relief without Texas A&M as a party, Zachor Legal Institute argues, because Texas A&M, not the Attorney General, has the duty to produce public information and because Texas A&M is now under a mandatory duty to disclose the requested information given that it did not file a lawsuit challenging the Attorney General's decision. *See* Tex. Gov't Code 552.324(b). However, even assuming Zachor Legal Institute's assertions are correct, the Texas Supreme Court has indicated that the failure to join a necessary party does not deprive the trial court of subject-matter jurisdiction; instead, it raises the prudential question of whether the trial court should have refused to proceed in the necessary party's absence. *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162–63 (Tex. 2004); *see also id.* at 163 (holding that party had waived Rule 39 issue by failing to raise it before trial court); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (noting that subject-matter jurisdiction "is never presumed and cannot be waived"); *Barrera v. Chererco, LLC*, No. 04-16-00235-CV, 2017 WL 943436, at *3 (Tex. App.—San Antonio Mar. 8, 2017, no pet.) ("The failure to join a person whose interests could be affected by the trial court's judgment or declaration does not deprive a trial court of jurisdiction."); *Mining v. Hays Cnty Bail Bond Bd.*, No. 03-05-00448-CV, 2006 WL 952402, at *5 (Tex. App.—Austin Apr. 14, 2006, no pet.) (noting that in *Brooks* "the supreme court has more recently held that subject matter jurisdiction is rarely implicated by the failure to join a party required under section 37.006(a) of the declaratory judgment act or rule of civil procedure 39"). Here, because we are remanding, Zachor Legal Institute can raise the Rule 39 issue with the trial court to allow it to determine whether it should refuse to enter a judgment or declaration in Texas A&M's absence. *See Brooks*, 141 S.W.3d at 163.

12

Based on the text of the TPIA and the supreme court's decision in *Boeing*, we hold that the TPIA waives sovereign immunity for Qatar Foundation's suit against the Attorney General. Because immunity has been waived, the district court has jurisdiction over Qatar Foundation's suit and, thus, erred in dismissing Qatar Foundation's suit. Accordingly, we sustain Qatar Foundation's sole issue on appeal.

## CONCLUSION

Having sustained Qatar Foundation's issue, we reverse the district court's judgment and remand the case to the district court for further proceedings.

_____
Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Smith

Reversed and Remanded

Filed: April 15, 2021

13